UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE J. ALLEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00406-JRS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

RESPONSE TO PETITION AND ORDER TO SHOW CAUSE

The United States of America, by Josh J. Minkler, United States Attorney for the

Southern District of Indiana, by Brian Reitz, Assistant United States Attorney for the Southern

District of Indiana, and by Jeffrey B. Jensen and Carrie Costantin, Assistant United States

Attorneys for the Eastern District of Missouri, and files its Response to Petition and Order to

Show Cause.

This Court should dismiss Allen's petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 with prejudice. His claims fail to meet the requirements of the "savings clause" under 28

U.S.C. § 2255(e). Allen's claims have been rejected either in the direct appeal of his conviction

or in the rulings on his prior § 2255 motion.

Background

In 1998, Norris Holder and Billie Allen were convicted after separate trials of killing a

security guard, Richard Heflin, during the commission of an armed bank robbery, in violation of

18 U.S.C. § 2113(a) and (e) (Count I), and using and carrying a firearm during the commission

of a crime of violence that resulted in the death of another person under circumstances

1

constituting first-degree murder, in violation of 18 U.S.C. § 924(j) (Count II). In accordance with the jury's recommendation, Allen was sentenced to life imprisonment without parole on Count I and death on Count II.

Direct Appeal

In a decision that predated the Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), the Eighth Circuit affirmed both Allen and Holder's convictions and death sentences, expressly rejecting Allen's claim that the indictment—which failed to allege the capital eligibility facts of at least one aggravating factor—violated the Fifth Amendment. *United States v. Allen*, 247 F.3d 741, 761-64 (8th Cir. 2001) (Allen I). Subsequently, *Ring* overruled precedent and held that statutory aggravator factors were the functional equivalent of elements in a capital case and therefore needed to be found unanimously and beyond a reasonable doubt by the petit jury. *Ring* also required such elements to be considered by the Grand Jury and alleged in the indictment. The Supreme Court granted Allen's *certiorari* petition, vacated the Eighth Circuit's decision, and remanded the case for reconsideration in light of *Ring*. *United States v. Allen*, 536 U.S. 953 (2002). On reconsideration, a divided panel of the Eighth Circuit held that the indictment error was not harmless and vacated Allen's death sentence. *United States v. Allen*, 357 F.3d 745, 758 (8th Cir. 2004) (Allen II). After an en banc rehearing, the Eighth Circuit affirmed the convictions and sentence, holding that the Fifth Amendment defect in Allen's indictment was non-structural and the error was harmless. *United States v. Allen*, 406 F.3d 940, 949 (8th Cir. 2005) (en banc) (Allen III). Thereafter, the Supreme Court denied Allen's petition for a writ of certiorari, *United States v. Allen*, 127 S. Ct. 826 (2006), and further denied his petition for rehearing, *United States v. Allen*, 127 S. Ct. 1361 (2007).

Section 2255 Claims

Allen timely filed a motion for relief under 28 U.S.C. § 2255 in the Eastern District of Missouri, where he raised eighteen claims of constitutional violations by the trial court and ineffective assistance of trial counsel. *See Allen v. United States*, No. 4:07CV00027 ERW. In a May 10, 2011 Memorandum and Order, United States District Judge E. Richard Webber, denied all but one of Allen's claims without a hearing. *Allen v. United States*, No. 4:07CV00027 ERW, 2011 WL 1770929 (E.D.Mo. 2011). The Court granted a hearing on the sole issue of whether Allen's trial counsel were ineffective in connection with the mitigation investigation and presentation of mitigation evidence at sentencing. *Id.* at \*52.

The Court conducted an evidentiary hearing on this issue in phases over a total of approximately six weeks during 2012. After the hearing and post-hearing briefing, on June 25, 2014, the Court denied Allen's claims of ineffective assistance of counsel. *Allen v. United States*, No. 4:07CV00027 ERW, 2014 WL 2882495 at \*160-61 (E.D. Mo. 2014).

The Eighth Circuit Court of Appeals granted a certificate of appealability on one question, a ground that had been denied without hearing: whether trial counsel was ineffective for failing to object to the use of a so-called anonymous jury. After briefing and oral argument, the Eighth Circuit Court of Appeals affirmed the District Court's finding that there was not ineffective assistance of counsel for failure to object to the use of numbers to identify the jury. *Allen v. United States,* 829 F.3d 965, 967-68 (8th Cir. 2016), *rehearing and rehearing en banc denied* (2016); *cert. denied,* 138 S. Ct. 59 (2017).

On June 24, 2016, Allen filed a petition with the Eighth Circuit Court of Appeals requesting permission to file a successive habeas petition claiming he was entitled to relief under

3

the Supreme Court's holding in *Johnson v. United States,* 135 S. Ct. 2552 (2015).[1] *Allen v. United States*, Case No. 16-2094. The Eighth Circuit denied Allen's petition on July 26, 2016. *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016).

Habeas Corpus Claims

In 2013, Allen filed a habeas corpus petition in this Court claiming his indictment was defective because it failed to allege statutory aggravating factors. *Allen v. Warden,* Case No. 2:13-cv-00271-JMS-MJD. This Court appointed counsel to represent Allen. On November 8, 2013, Allen filed a motion to withdraw his habeas petition, which the Court granted.

In 2016, Allen filed another habeas corpus petition with this Court, this time claiming that his conviction for using and carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of 18 U.S.C. § 924(j) violated due process because bank robbery is not a crime of violence. On May 18, 2020, this Court denied his petition, finding that it did not meet the exception in §2252(e) which permits a §2241 petition only when §2255's remedy is "inadequate or ineffective." 28 U.S.C. §2255(e). *Allen v. Daniels,* No. 2:16-cv-00257-JMS-MJD.

Allen's Present § 2241 Claims

On August 4, 2020, Allen filed his current § 2241 motion. Allen's pro se "Motion to Return to Refile a Corrected Motion, Pursuant to 28 U.S.C. § 2241" appears to assert the following claims:

---

[1] On June 24, 2016, Allen filed a second motion for relief under 28 U.S.C. § 2255 with the District Court on the same grounds. *See Allen v. United States*, Case No. 4:16CV00963 ERW. On July 22, 2016, Judge Webber issued a memorandum and order of dismissal because Allen had not obtained permission from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h) to bring a successive § 2255 motion.

4

1) The indictment was defective because it did not charge a statutory aggravating factor and the Notice of Intent to Seek the Death Penalty improperly constructively amended the indictment;

2) The Government's opening statement constructively amended the indictment by discussing planning that occurred before the charged time of the robbery and murder, including that defendant's abandoned jacket had ammunition for a 12-gauge shotgun found in the second getaway van;

3)  Trial counsel was ineffective for failing to present evidence that: a) the DNA on a white strap was not his or the victim's; b) Allen's clothing did not contain petroleum distillates; c) a damp rag found on the driver's seat of the getaway vehicle was not tested for DNA; d) an anonymous phone call to the FBI stated that the caller had seen co-defendant Holder talking to a person other than Allen about robbing a bank; e) a police dispatch transcript shows that some witnesses saw a person suspected in the robbery who asked about the Metrolink station and was suspected to be headed there; f) a security guard at Northwest Plaza saw Allen there no earlier than 11 a.m. on the day of the robbery.

4)  Allen has newly discovered evidence that: a) his attorney was ineffective for making no effort to investigate his case; b) former St. Louis Metropolitan Police Officer Tom Carroll pled guilty in 2016 to deprivation of civil rights; c) according to media reports, former St. Louis Metropolitan Detective Joseph Nickerson wrote false reports about a witness's identification of a shooter in a 1994 murder.

<u>Legal Analysis</u>

Allen brings this habeas action pursuant to 28 U.S.C. § 2241; however, § 2241 provides

5

no avenue for relief for the claims raised in his petition. In the great majority of cases, 28 U.S.C. § 2255 is the exclusive postconviction remedy for a federal prisoner. *Purkey v. United States,* 964 F.3d 603, 611 (7th Cir. 2020). Pursuant to 28 U.S.C. § 2255(e), "An application for a writ of habeas corpus…shall not be entertained..unless it also appears that the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). This provision is commonly referred to as the "savings clause."

Here, Allen is barred from relief because he has failed to show that his claims meet the requirements of the savings clause in 28 U.S.C. § 2255(e).[2] As noted above, Allen's § 2255 motion was denied by the United States District Court for the Eastern District of Missouri and that denial was affirmed by the Eighth Circuit Court of Appeals. Allen has not received permission to file a second or successive motion from the Eighth Circuit Court of Appeals.

The Seventh Circuit has defined the savings clause in three central cases: *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001); and *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Allen relies on *Webster* and asks the court to conclude that his current § 2241 claims are within *Webster*'s delineation of the savings clause.   Response to Court's Order to Show Cause, p. 3. [Document 8]. They are not, however, and his § 2241 petition should be dismissed.

In *Webster,* the Court held that, in order for the savings clause to apply, "…there must be

---

[2] The Department of Justice has adopted a revised view of the availability of relief under § 2241, arguing that habeas relief is not available to a defendant, who having been denied § 2255 relief, seeks to assert a statutory challenge to his conviction or sentence.   *See McCarthan v. Collins,* No. 17-85, U.S. Brief, 2017 WL 5718660 at *9-11 (U.S. filed Oct. 20, 2017).   The Government notes that view but does not advance that argument here, given that Seventh Circuit Court of Appeals precedent squarely forecloses the *McCarthan* position.

some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Id.*, at 1139. Specifically, the Court stated that "…a person who proposes to show that he is categorically ineligible for the death penalty, based on newly discovered evidence, may not be barred from doing so by section 2255." *Id.* at 1140. Webster stated he was categorically ineligible for the death penalty because he was mentally retarded. The Court permitted Webster to proceed with the § 2241 petition only because the newly discovered evidence existed *before* the time of the trial and because there was evidence that the newly discovered evidence was unavailable during the initial trial through no fault of trial counsel. *Id.*

Allen's claims wholly fail to qualify under this narrow exception. First, his claims were rejected both on direct appeal and in his § 2255 action. Second, none of his claims establish that he is categorically ineligible for the death penalty. Third, there is no newly discovered evidence that existed before the time of the trial and was unavailable during the initial trial due to the fault of a third party. His claims do not remotely fit the *Webster* requirements. Allen's § 2241 petition must be dismissed pursuant to 28 U.S.C. § 2255(e).

Defective Indictment

Allen claims that his indictment was defective because it failed to charge a statutory aggravating factor. He claims that the Notice of Intent to Seek the Death Penalty improperly constructively amended the indictment to add statutory aggravating factors. This claim was addressed and rejected on direct appeal as described above.

Allen's indictment charged the elements of the offense. The Government filed a notice of

7

intent to seek the death penalty that set forth the statutory aggravating factors. After Allen was convicted, the Supreme Court decided *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L.Ed.2d 556 (2002) which held that aggravating factors are the functional equivalent of elements of a capital offense. Such factors would have to be considered and found by a grand jury.

In *United States v. Allen*, 406 F.3d 940, 943 (8th Cir. 2005) (en banc), the Eighth Circuit found that the Fifth Amendment requires at least one statutory aggravating factor to be found by the grand jury and charged in the indictment. The Court found that Allen's indictment suffered from a Fifth Amendment defect but found that it was not structural error requiring reversal. *Id.,* at 946. The Court further found that it was harmless error because, based on the evidence presented to the grand jury, if the grand jury had been asked to charge the grave-risk-of-death-to-others statutory aggravator, it would have done so. *Id.*, at 947.

Allen fully litigated this claim in his direct appeal and was unsuccessful. Section 2241 typically cannot be used to relitigate claims already decided during a direct appeal. *E.g., Susinka v. Copenhaver*, 538 F. App'x 724, 724-25 (7th Cir. 2013); *Cain v. Rivers*, --F. App'x—, 2020 WL 5587387 *1 (7th Cir. 2020). Allen's lack of success on direct appeal or pursuant to § 2255 on a claim that could have been pursued does not render the § 2255 remedy "inadequate" or ineffective." Thus, Allen has failed to demonstrate that his claim fits within the savings clause and his claim must be dismissed.

Government's Opening Statement

Allen also contends that, because the Government mentioned evidence of Allen's planning that occurred before the charged time of the robbery and murder in its opening statement, it constructively amended the indictment. The Government's opening statement also

8

discussed the fact that Allen's abandoned jacket contained shells that fit the 12-gauge shotgun found in the second getaway van—further evidence of his planning. Any challenge to the Government's opening statement could have been made on direct appeal or in the § 2255 proceedings. Allen failed to raise such claim at either point. Allen's default of the issue does not render the § 2255 remedy "inadequate or ineffective." Again, this claim does not satisfy the savings clause requirements. *See Montana v. Cross,* 829 F.3d 775, 785 (7th Cir. 2016)

Ineffective Assistance of Counsel

Likewise, Allen similarly fails to demonstrate his claims that his counsel was ineffective for failing to present evidence on multiple issues meet the requirements of § 2255(e). Therefore they are not cognizable under § 2241 here. He makes the following claims: a) the DNA on a white strap was not his or the victim's; b) Allen's clothing did not contain petroleum distillates; c) a damp rag found on the driver's seat of the getaway vehicle was not tested for DNA; d) an anonymous phone call to the FBI stated that the caller had seen co-defendant Holder talking to a person other than Allen about robbing a bank; e) a police dispatch transcript shows that some witnesses saw a person suspected in the robbery who asked about the Metrolink station and was suspected to be headed there; f) a mall security guard saw Allen there no earlier than 11 a.m. on the day of the robbery.

Some of these claims were presented in his §2255 motion and rejected by the District Court, Eastern District of Missouri. *Allen v. United States*, No. 4:07CV00027 ERW, 2011 WL 1770929 (E.D.Mo. 2011) (strap, *23; petroleum distillates, *23; anonymous phone call, *46). As for the remaining allegations of ineffective assistance, Allen does not even allege these grounds could not have been raised in his §2255 motion. Similarly, none of his ineffective assistance of

9

counsel claims show he is categorically ineligible for the death penalty, or are based on newly discovered evidence. They do not meet the requirements of the savings clause and cannot be brought under 28 U.S.C. § 2241.

"Newly Discovered Evidence"

Allen claims that he has newly discovered that his attorney was ineffective based on a letter in which his attorney claims he would have investigated certain matters that Allen claims occurred.   Allen fails to demonstrate that any of these matters actually existed, nor does he show they were not already known to counsel at the time of the trial.

Allen argues he only recently discovered that Police Officer Tom Carroll pled guilty in 2016 to deprivation of civil rights for attacking a suspect who had been found with Carroll's daughter's stolen credit card. Finally, Allen asserts recent media reports indicate that Detective Joseph Nickerson wrote false reports about a witness's identification of a shooter in a 1994 murder. At Allen's trial, Officer Carroll testified that Allen told police he did not kill anyone. Detective Nickerson was with Officer Carroll when they attempted to question Allen after his arrest. The "newly discovered information" upon which Allen relies is at most possible impeachment information, but certainly is not exculpatory. This was not information crucial to Allen's conviction.

None of these matters meet the requirements for the savings clause. They do not show that he is categorically ineligible for the death penalty, or are based on newly discovered evidence. He has not demonstrated that the newly discovered evidence was unavailable during the initial trial through no fault of trial counsel.

Conclusion

10

*Webster* held that §2255's motion remedy is inadequate or ineffective when, following the prisoner's first §2255 motion, he discovered evidence, that if accepted as true, demonstrated that the Constitution categorically prohibited his death sentence. Only then is § 2241 available through the savings clause. None of Allen's claims meet this burden. His petition for a writ of habeas corpus must be dismissed.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

*s/ Brian Reitz*
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-6125
E-mail: Brian.Reitz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/Brian Reitz*
Brian Reitz
Assistant United States Attorney

11