**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

**Case No. 2:20-cv-00406-JRS-MJD**

---

**BILLIE JEROME ALLEN,**

**Petitioner,**

**v.**

**WARDEN,**
**United States Penitentiary – Terre Haute,**

**Respondent.**

---

**SUPPLEMENTAL AUTORORITY IN SUPPORT**
**OF PETITION FOR HABEAS CORPUS**

Mr. Allen's Petition for Writ of Habeas Corpus, pursuant to 42 U.S.C. §2241, is pending before this Court and is awaiting decision.  In that Petition, Mr. Allen has claimed that his conviction and death sentence are unconstitutional in violation of the Fifth Amendment, because he was never indicted by the grand jury for the crime of capital murder.   The application of a harmless error analysis by the Eighth Circuit on direct appeal was likewise constitutional error because it violated the Supreme Court's holding in *Stirone v. United States*, 361 U.S. 212, 215 (1960), that such error is structural and not subject to harmless error, and that it constructively amended the indictment by speculating that the grand jury would have indicted on capital murder if it had been asked to do so.

Petitioner writes to advise this Court of two relevant decisions not cited in his previous pleadings; one of which was decided before his last filing and the other which was decided after briefing in this matter was completed.

1

In *United States v. Muresano*, 951 F.3d 833 (7th Cir. 2020), the court found that the trial court's instructions constructively amended the indictment by adding an offense that was not contained in the grand jury's indictment. Citing to *Stirone*, the court held that this category of constitutional error was "per se reversible." *Id.* at 835; *id.* at 839. As the Seventh Circuit recognized, "under *Stirone* the constitutional error is categorically prejudicial, and the required remedy is to vacate the judgment . . ." *Id.* at 840. Mr. Allen is entitled to the same relief.

In *United States v. Simmons*, 11 F.4th 239, 266 (4th Cir. 2021), the Fourth Circuit found that the trial court's jury instructions had constructively amended the indictment in violation of the Fifth Amendment. Applying a plain error analysis that rejected the government's theory that the disputed instruction permissibly provided an alternative theory for conviction, the court held that the error in constructively amending the indictment was necessarily prejudicial and per se reversible. *Id.* at 269. As the court explained, "constructive amendments always affect a defendant's substantial rights." *Id.*

*Muresano* and *Simmons* support Petitioner's claim that his conviction and death sentence are constitutionally infirm and could not be cured by the Eighth Circuit's harmless error analysis. Because Petitioner has no other mechanism to raise this claim and challenge the Eighth Circuit's ruling, § 2241 is a proper vehicle to grant relief.

## **Conclusion**

This case is ripe for decision and this Court should follow *Muresano* and *Simmons*.  For

the reasons set forth above and in Petitioner's prior submissions, and as required by *Stirone*, this

Court should vacate Petitioner's death sentence and grant him a new trial.


Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org


Dated: October 12, 2021

**<u>Certificate of Service</u>**

I, Timothy Kane, hereby certify that on this 12th day of October, 2021, I filed the foregoing document via the Court's electronic filing system, which system will serve a copy of upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

<u>/s/Timothy Kane</u>
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826

4