IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Case No. 2:20-cv-00406-JRS-MJD

---

BILLIE JEROME ALLEN,

Petitioner,

v.

WARDEN,
United States Penitentiary – Terre Haute,

Respondent.

---

SUPPLEMENTAL AUTORORITY IN SUPPORT
OF PETITION FOR HABEAS CORPUS

Mr. Allen's Petition for Writ of Habeas Corpus, pursuant to 42 U.S.C. § 2241, is pending before this Court and is awaiting decision.  In that Petition, Mr. Allen has claimed that his conviction and death sentence are unconstitutional in violation of the Fifth Amendment, because he was never indicted by the grand jury for the crime of capital murder.   The application of a harmless error analysis by the Eighth Circuit on direct appeal was likewise constitutional error because it violated the Supreme Court's holding in *Stirone v. United States*, 361 U.S. 212, 215 (1960), that such error is structural and not subject to harmless error.

Petitioner writes to call this Court's attention to the recent decision by the First Circuit in *United States v. De Leon-De La Rosa,* 17 F.4th 175 (1st Cir. 2021).  In that case, the court reversed two convictions of co-defendant Johnson after finding, under plain error review, that the trial court's instructions broadening the grounds on which the jury could convict "constructively amended the indictment and committed a clear and obvious error." *Id.* at 198.  This error violated Johnson's Fifth and Sixth Amendment protections, which stand: "at the very core of our criminal

1

justice system." *Id.* at 200.  Such constructive amendments "seriously impair the fairness and integrity of the judicial proceeding." *Id.*

For the reasons described in his previous filings, the same types of fundamental constitutional error were committed by the courts in Mr. Allen's case.  Mr. Allen's conviction and death sentence are constitutionally infirm and could not be cured by the Eighth Circuit's harmless error analysis.  Because Petitioner has no other mechanism to raise this claim and challenge the Eighth Circuit's ruling, § 2241 is a proper vehicle to grant relief.

## Conclusion

For the reasons set forth above and in Petitioner's prior submissions, and as required by *Stirone*, this Court should vacate Petitioner's death sentence and grant him a new trial.

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

Dated: December 21, 2021

## Certificate of Service

I, Timothy Kane, hereby certify that on this 21st day of December, 2021, I filed the foregoing document via the Court's electronic filing system, which system will serve a copy of upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/Timothy Kane
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826