**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

**Case No. 2:20-cv-00406-JRS-MJD**

---

**BILLIE JEROME ALLEN,**

**Petitioner,**

**v.**

**CHARLES DANIELS,
Warden, United States
Penitentiary – Terre Haute,**

**Respondent.**

---

**SUPPLEMENTAL AUTORORITY IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS**

Mr. Allen's Petition for Writ of Habeas Corpus, pursuant to 42 U.S.C. § 2241, is pending before this Court and is awaiting decision. In that Petition, Mr. Allen has claimed that his conviction and death sentence are unconstitutional in violation of the Fifth Amendment, because he was never indicted by the grand jury for the crime of capital murder. The application of a harmless error analysis by the Eighth Circuit on direct appeal was likewise constitutional error because it violated the Supreme Court's holding in *Stirone v. United States*, 361 U.S. 212, 215 (1960) that such error is structural and not subject to harmless error and that it constructively amended the indictment by speculating that the grand jury would have indicted on capital murder if it had been asked to do so. He also maintains that the government constructively amended his indictment by introducing evidence of a third gun that related to the robbery – a 12 gage shotgun – that was not identified in the indictment, which only identified two different guns that were allegedly used in the robbery.

Petitioner writes to advise this Court of two relevant decisions that provide persuasive authority supporting his claims.

1

In *United States v. Tucker*, 2022 WL 1448750 (5th Cir., decided May 9, 2022), the court, applying plain error review, found that defendant's constitutional rights had been violated when the trial court instructed the jury on a theory of guilt that had not been included in the indictment. The court found that the Fifth Amendment right to a grand jury "rang hollow" when the trial judge "enlarges the grounds on which a jury can find a defendant guilty." *Id.* at *5. Mr. Allen's case is similar as the introduction of the third gun broadened the basis upon which the jury could find him guilty. Similarly, the Eighth Circuit's application of a harmless error test went beyond the language of the indictment by speculating about what the grand jury might have done. In these ways, the indictment against Mr. Allen was constructively amended.

In *United States v. Blessett*, 2022 WL 1078096 (9th Cir., decided Apr. 11, 2022) (unpublished), the court similarly granted relief where the jury instructions incorporated additional alternatives upon which the jury could convict. Because the instructions were an impermissible constructive amendment to the indictment, "a reversal is always in order." *Id.* at *3.

These cases support Petitioner's claim that his conviction and death sentence are constitutionally infirm and could not be cured by the Eighth Circuit's harmless error analysis. Because Petitioner has no other mechanism to raise the claim, § 2241 is a proper vehicle to grant relief.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Timothy Kane
Timothy Kane
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Timothy_Kane@fd.org
Eric_Montroy@fd.org

</div>

Dated: May 27, 2022

## Certificate of Service

I, Timothy Kane, hereby certify that on this date, I filed the foregoing supplemental authority via the Court's electronic filing system, which system will serve a copy of upon government counsel:

Brian Reitz
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/Timothy Kane
Timothy Kane
Assistant Federal Defender
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826

Date: May 27, 2022