UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,                      )
                                          )
                    Petitioner,           )
                                          )
            v.                            )        No. 2:20-cv-00406-JRS-MJD
                                          )
WARDEN,                                   )
                                          )
                    Respondent.           )

**Order Dismissing Habeas Corpus Action for Lack of Jurisdiction**

Billie Jerome Allen and an accomplice robbed a bank in St. Louis and killed security guard Richard Heflin. Mr. Allen was convicted of killing a person during the course of a bank robbery and of murdering a person with a firearm used during and in relation to a crime of violence. He was sentenced to life imprisonment on the former count and death on the latter one. His convictions and death sentence were affirmed on direct appeal, and he completed one round of collateral review under 28 U.S.C. § 2255. Now Mr. Allen has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. But 28 U.S.C. § 2255(e) deprives this Court of jurisdiction to adjudicate Mr. Allen's habeas corpus petition, which presents the types of claims that may be raised in a 28 U.S.C. § 2255 motion. Accordingly, the petition is **DISMISSED**.

## I.    Background[1]

Mr. Allen was convicted on an indictment that did not include any statutory aggravating factors that triggered eligibility for the death penalty. *United States v. Allen*, 406 F.3d 940, 943 (8th Cir. 2005). Mr. Allen raised a number of issues on direct appeal, including an argument that

---

[1] The facts of Allen's crimes are not material to the Court's resolution of this petition. Those facts are summarized in *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002).

1

his indictment violated the Fifth Amendment because it did not allege facts to support a statutory aggravating sentence to trigger eligibility for the death sentence. *See United States v. Allen*, 247 F.3d 741, 761 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002). After multiple panel opinions and a granted petition for writ of certiorari, the Eighth Circuit ultimately resolved the question *en banc*, holding that the government's failure to include at least one statutory aggravating factor in the indictment violated Mr. Allen's Fifth Amendment rights, but the error was harmless beyond a reasonable doubt. *Allen*, 406 F.3d at 942−49. Following the *en banc* opinion, the Supreme Court denied certiorari. *Allen v. United States*, 127 S. Ct. 826 (Dec. 11, 2006).

Mr. Allen next moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016). The district court denied the motion, and the Eighth Circuit affirmed. *Id.* The Supreme Court denied a petition for writ of certiorari. *Allen v. United States*, No. 16-8229, 138 S. Ct. 59 (Oct. 2, 2017).

In 2013, Mr. Allen filed a 28 U.S.C. § 2241 petition in this Court, but he later withdrew it without prejudice. *Allen v. Warden*, 2:13-cv-271-JMS-MJD (S.D. Ind.).

In 2020, Mr. Allen filed another 28 U.S.C. § 2241 petition in this Court. Dkt. 1. In the petition, he contends that (1) trial counsel was ineffective in various respects and (2) his indictment was constitutionally deficient, such that the sentencing court lacked jurisdiction to sentence him to death. *Id.* The government responded, arguing that Mr. Allen cannot bring these claims in a 28 U.S.C. § 2241 petition because they do not satisfy the saving clause in 28 U.S.C. § 2255(e). Dkt. 15. Mr. Allen, through appointed counsel, filed a reply. Dkt. 20.

## II.      Discussion

Mr. Allen suggests two paths for this Court to adjudicate his 28 U.S.C. § 2241 petition.

First, he argues that the saving clause in 28 U.S.C. § 2255(e) allows him to collaterally attack his

convictions and sentence. Dkt. 20 at 10−13. Second, he argues that he is challenging the

"execution" of his death sentence, in addition to its imposition, and § 2241 is generally available

to challenge the execution of a sentence. *Id.* at 13−15. The Court addresses each claim in turn.

### A.      The saving clause

Generally, a federal prisoner must collaterally attack his conviction or sentence by filing a

motion in the sentencing court under 28 U.S.C. § 2255. *Purkey v. United States*, 964 F.3d 603, 611

(7th Cir. 2020). Section 2255 itself provides that

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, unless it also appears that
> the remedy by motion is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255(e). Courts refer to the final clause of this sentence as the "saving clause." *Jones*

*v. Hendrix*, 143 S. Ct. 1857, 1864 (2023).

When Mr. Allen filed his petition, Seventh Circuit precedent provided that the saving

clause allowed inmates to file 28 U.S.C. § 2241 petitions challenging their convictions and

sentences in a narrow but undefined range of circumstances. *See Purkey*, 964 F.3d at 612

(identifying three central cases but clarifying that "those cases [do not] rigidly describe the outer

limits" of the saving clause's application). The fundamental requirement was that the petitioner

make "a compelling showing that, as a practical matter, it would be impossible to use section 2255

to cure a fundamental problem" with his conviction or sentence. *Id.* at 615. In most cases where

the saving clause was satisfied, § 2255 was unavailable because the petitioner had already litigated

3

a § 2255 motion and could not meet 28 U.S.C. § 2255(h)'s requirements for filing a second or successive motion. *See*, *e.g.*, *In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998) (framing the question as "when if ever a federal prisoner can use the habeas corpus statute . . . to get around the bar that the Antiterrorism Act places athwart successive motions under 28 U.S.C. § 2255").

But while Mr. Allen's petition was pending the Supreme Court in *Jones v. Hendrix* severely limited the saving clause's application. The petitioner in *Jones* invoked the saving clause based on the parameters set forth by the Seventh Circuit in *Davenport*: he raised a statutory interpretation claim that was not viable at the time of his original § 2255 proceedings but became viable after a retroactively applicable Supreme Court decision interpreting the statute at issue. 147 F.3d at 611−12. The Supreme Court expressly rejected this application of the saving clause. *Jones*, 143 S. Ct. at 1867 (abrogating *Davenport* and numerous similar opinions from other circuits).

Mr. Allen does not rely on *Davenport*. Indeed, he seeks to invoke the saving clause based on a previously unrecognized "structural problem": because he had already litigated on direct appeal the issues he now seeks to raise, he could not bring them in a § 2255 motion, thereby rendering § 2255 inadequate or ineffective. Dkt. 1 at 28; dkt. 20 at 12−13.

But the rule announced in *Jones* is not limited to the type of statutory interpretation claims that were presented in that case. Instead, *Jones* sets forth a universal rule that § 2255(e)'s "inadequate or ineffective" language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h):

> In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Jones*, 143 S. Ct. at 1868.

Following *Jones*, a petitioner may not use § 2241 to challenge his conviction or sentence except "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* The only concrete example put forth in the opinion is dissolution of the sentencing court. *Id.* at 1866; *see also id.* at 1866−67 (suggesting that "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons").

Mr. Allen does not contend that his sentencing court has been dissolved or that he is somehow prevented from litigating there. He argues only that he is barred from relitigating his claim in a § 2255 action and should not be. But this argument cannot be squared with the rule announced in *Jones*.[2] Mr. Allen therefore cannot rely on the saving clause as a path to litigate his § 2241 petition in this Court.

### B.   Challenge to the execution of a sentence

28 U.S.C. § 2241 is the proper procedural vehicle for a federal prisoner who seeks to challenge the execution, rather than the imposition, of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence . . . may not be brought under § 2255 and therefore falls into the domain of § 2241.").

But Mr. Allen does not challenge the execution of his death sentence separate from its validity. He argues that the death sentence cannot be executed because it "was never authorized." Dkt. 20 at 14. This argument is premised upon Mr. Allen's substantive argument that the sentencing court lacked jurisdiction to impose a death sentence and that the Eighth Circuit lacked

---

[2] The Supreme Court issued its opinion in *Jones* in June 2023, after Mr. Allen's petition was fully briefed. Neither party has requested an opportunity to address the impact of *Jones* on Mr. Allen's ability to litigate his claims in a § 2241 petition. Both parties addressed § 2255(e) and its saving clause in their briefing of the petition. *See* dkt. 1 at 28−30; dkt. 15 at 6−10; dkt. 20 at 10−13.

jurisdiction to perform a harmless error analysis. *Id.* at 9−10. But such a challenge is expressly authorized under § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . ."). No matter how Mr. Allen repackages his claims, he must bring them, if at all, in a § 2255 motion. This Court lacks jurisdiction to litigate them in a § 2241 petition.

### III.    Conclusion

Mr. Allen's petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 08/25/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

6