**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

**Case No. 2:20-cv-00406-JRS-MJD**

---

**BILLIE JEROME ALLEN,**

**Petitioner,**

**v.**

**WARDEN,**

**United States Penitentiary – Terre Haute,**

**Respondent.**

---

**MOTION TO ALTER OR AMEND JUDGMENT**
**AND CONSOLIDATED MEMORANDUM IN SUPPORT**

**INTRODUCTION**

Mr. Allen filed a Petition for Writ of Habeas Corpus, pursuant to 42 U.S.C. § 2241.  As explained in his Reply to Respondent's Response to Petition, Doc. 20, Mr. Allen claimed that his conviction and death sentence are unconstitutional in violation of the Fifth Amendment, because he was never indicted by the grand jury for the crime of capital murder.  Doc. 20 at 3-5.  The application of a harmless error analysis by the Eighth Circuit on direct appeal was likewise constitutional error because it violated the Supreme Court's holding in *Stirone v. United States*, 361 U.S. 212, 215 (1960), that such error is structural and not subject to harmless error analysis. In addition, the Eighth Circuit's ruling interjected yet another layer of constitutional error in that it constructively amended the indictment by speculating that the grand jury would have indicted on capital murder if it had been asked to do so.  Doc 20 at 6-9.  *See Ex Parte Bain,* 121 U.S. 1, 10 (1887) ("If it lies within the province of a court to change the charging part of an indictment to suit

1

its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance" of the grand jury right would be "almost destroyed.").

Petitioner further argued that the trial court had no jurisdiction to try him on a capital offense because the indictment had not charged him with a capital crime.  Doc. 20 at 9-10.  He asserted, *inter alia*, that this Court had jurisdiction to decide this claim because § 2241 is an appropriate mechanism to challenge the jurisdiction of the trial court to convict and sentence him in a capital case where the indictment did not present a capital charge.  Doc. 20 at 13.  Moreover, given the unique circumstances of this case, including the Eighth Circuit's unprecedented constructive amendment of the indictment through the application of a harmless error test on direct appeal, and Eighth Circuit law precluding any challenge to that ruling, Petitioner satisfied the savings clause of § 2255.  Doc. 20 at 12-13.

On August 25, 2023, this Court, relying on the Supreme Court's recent decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), dismissed Mr. Allen's habeas petition for lack of jurisdiction and entered final judgment.  *Jones* held that § 2241 was not available to an inmate who sought to raise a statutory interpretation claim that was not available at the time of his initial § 2255 litigation.  Although recognizing that the issues and specific ruling in *Jones* were different from those presented here, Doc. 24 at 4, this Court read *Jones* to create a "universal rule" that precluded jurisdiction under § 2241 whenever a federal prisoner had previously been denied relief under  § 2255.  Doc. 24 at 4.

This Court noted an exception to that universal rule "in cases where unusual circumstances make it impossible or impractical to seek relief in the sentencing court."  Doc 24. at 5.  But this Court held that exception was limited to situations where the sentencing court had been dissolved,

or defendant could not otherwise appear.  Doc. 24 at 5.  This Court did not specifically address Mr. Allen's arguments concerning § 2241's applicability to his challenge to the trial court's jurisdiction.

This Court made its decision without input from the parties as to the applicability of *Jones*, noting that neither party had asked this Court to allow them to do so.  Doc 24 at 5 n.2.  Because the issues involving the scope and application of *Jones* are important, and because this Court committed manifest error in applying *Jones* to the facts and issues presented here that went well beyond the issues actually decided in *Jones*, and because this Court failed to address the unique jurisdictional and structural issues presented in this case, this Court should vacate its order of dismissal and/or allow further and full briefing on the applicability of *Jones* to these unusual facts.

**ARGUMENT**

"A claimant can invoke [Rule 59(e)] to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).  Mr. Allen respectfully submits that this Court's August 25, 2023, ruling was based on a manifest error of law and should be withdrawn.

**I.      *JONES* DID NOT DIVEST THIS COURT OF JURISDICTION.**

In *Jones,* the Supreme Court defined its holding: "we hold that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 143 S. Ct. at 1864.  This relatively narrow holding does not address, let alone dictate, the issues raised in this case.

Nevertheless, as this Court recognized, the reasoning underlying this holding was broader and imposed substantial limits on a district court's § 2241 jurisdiction.  Although Congress

intended that the vast majority of collateral attacks be brought under § 2255, Congress enacted a savings clause that allowed some collateral attacks to be brought under § 2241, where the remedy under § 2255 was "inadequate or ineffective" to test the legality of a federal prisoner's detention.

The *Jones* Court explained that "[t]raditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." 143 S. Ct. at 1866. The Court mentioned two such examples: when the sentencing court has been dissolved or where it is impractical to transport a prisoner to the sentencing court. *Id.*

This Court seemed to read *Jones* as suggesting that those two examples are the only situations in which the savings clause might apply. Doc 24 at 5. This would be a manifest error of law. "After AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing." *Jones*, 143 S. Ct. at 1868.

Because Congress exercised its authority to exclude non-constitutional statutory claims from being the subject of a second or successive § 2255 motions, petitioner's non-constitutional claims in *Jones*, though barred by § 2255, did not meet the savings clause. *Id.* at 1869. Mr. Allen's case is different. Mr. Allen presents constitutional and jurisdictional claims challenging the jurisdiction of the trial court and the constitutional error committed by the appellate court on direct appeal in failing to recognize that jurisdictional defect. These are highly unusual circumstances in which recourse to the sentencing court is precluded because the sentencing court had no jurisdiction to try Mr. Allen on a capital offense and because the district court in the initial § 2255 proceeding lacked the power to correct the appellate court's constitutional error.

Habeas has long been available to prisoners seeking to challenge the jurisdiction of the court in which they were tried and sentenced. "A habeas court could grant relief if the court of conviction lacked jurisdiction over the defendant or his offense." *Brown v. Davenport*, 142 S. Ct 1510, 1522 (2022). *See Ex Parte Siebold* 100 U.S. 371 (1880) (habeas relief is available to challenge whether the convicting court had jurisdiction over the person or the cause).

In this case, Mr. Allen has used the traditional process of habeas corpus to challenge the jurisdiction of the convicting court. As Mr. Allen argued, because the indictment did not charge him with a capital offense, the convicting court had no jurisdiction to try or sentence him for a capital offense. Doc. 20 at 9-10. Indeed, the Eighth Circuit found that Mr. Allen's Fifth Amendment rights were violated. Although the indictment failed to charge him with a capital offense, the trial court had no jurisdiction to try him for a capital offense. Relief should have been granted. But the Eighth Circuit then constructively amended the indictment to include a capital charge by finding the error harmless after speculating about what the grand jury might have done if they had been asked to do so. This created yet another layer of constitutional error, but § 2255 provided no opportunity to challenge the convicting court's jurisdiction because of the appellate court's constitutional error on direct appeal.

There can be no question that these facts present highly unusual circumstances. Nor can it be doubted that § 2255 was inadequate and ineffective to address these jurisdictional and constitutional issues. Mr. Allen sought to involve § 2241 in order to exercise his traditional rights to seek habeas relief by challenging the jurisdiction of the convicting court. There is nothing in § 2255 that evidences Congress' intent to extinguish that traditional challenge. And *Jones* did not create any new barriers that Congress did not enact.

5

## Conclusion

For the foregoing reasons, Petitioner respectfully asks this Court to vacate its order and judgment dismissing his habeas petition and find that this Court has jurisdiction to address the merits of his claims.

Respectfully submitted,

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Eric_Montroy@fd.org

Dated: September 1, 2023

**Certificate of Service**

I, Eric Montroy, hereby certify that on this 1st day of September, 2023, I filed the foregoing document via the Court's electronic filing system, which system will serve a copy of upon government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defender
Federal Community Defender Office
  for Eastern District of  Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826