**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

**Case No. 2:20-cv-00406-JRS-MJD**

---

**BILLIE JEROME ALLEN,**

**Petitioner,**

**v.**

**WARDEN,**

**United States Penitentiary – Terre Haute,**

**Respondent.**

---

**ANSWER OPPOSING GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO
FILE RESPONSES**

Six months after the government failed to file a supplemental brief as directed by this Court, or request an extension of time to do so, Petitioner filed a motion asking this Court to find that the government had waived and/or forfeited any argument in response to Petitioner's Motion to Alter or Amend Judgement. Dkt 31. That same day, the government filed a motion admitting its negligence and asking for an extension of time to file both a response to Petitioner's waiver motion and the supplemental brief. Dkt 32.

The government's request for a seven-month nunc pro tunc extension of time should be denied. As set forth in Petitioner's motion, the government has forfeited its right to file any argument in opposition. The government has offered no legitimate excuse for its failure to timely act. The Seventh Circuit has ruled that failure to file an optional brief regarding jurisdiction, despite being given opportunity to do so, "waived any objections, not obvious to the

court." *Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 n.5 (7th Cir. 2001).[1]

The government's plea of inadvertent negligence should not excuse its failure. In habeas proceedings, a prisoner must suffer the consequences not only of his negligence, but of his lawyers' as well. *See e.g. Shinn v. Ramirez,* 142 S. Ct. 1718 (2022). And the consequences of that negligence can be harsh. A petitioner's claim, his ability to have an evidentiary hearing, perhaps even his right to any review at all, can all be lost simply because his lawyer, somewhere along the line, was negligent and failed to properly raise and preserve his claim. Inadvertent negligence is not an excuse.

The government should be held to the same standards. It forfeits its right to be heard when it fails to comply with court orders setting a briefing schedule. Such forfeiture should be enforced here just as it would if Mr. Allen had failed to follow a court's directive.

WHEREFORE, for the foregoing reasons, Petitioner respectfully asks this Court to deny the government's motion for extension.

Respectfully submitted,

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Eric_Montroy@fd.org

Dated: April 29, 2024

---

[1] The citation to this case in Dkt 31 misplaced the quotation marks and did not include a pin cite. The citation is corrected here.

## CERTIFICATE OF SERVICE

I, Eric Montroy, hereby certify that on this 29th day of April 2024, I filed the foregoing

document via the Court's electronic filing system, which system will serve a copy of upon

government counsel:

Brian Reitz
James R. Wood
Assistant United States Attorneys
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/Eric Montroy
Eric Montroy
Assistant Federal Defender
Federal Community Defender Office
  for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826