UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00406-JRS-MJD |
| | ) | |
| WARDEN, USP TERRE HAUTE, | ) | CAPITAL CASE |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S SUPPLEMENTAL
MEMORANDUM ADDRESSING *JONES v. HENDRIX***

The United States of America, by and through the United States Attorney for the Southern

District of Indiana, Zachary A. Myers, and Jason S. Dunkel, Special Assistant United States

Attorney for said district, files its Response to Petitioner's Supplemental Brief Addressing *Jones*

*v. Hendrix* (Doc. #28) ("Supp. Memo.").

**PROCEDURAL HISTORY**

On July 22, 2020, Petitioner Billie Jerome Allen, filed this petition for a writ of habeas

corpus under 28 U.S.C. §2241 challenging his conviction and death sentence for use of a firearm

in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two).

Specifically, he claims the district court lacked jurisdiction because the indictment failed to allege

a statutory aggravating factor.

**I.      Indictment, Conviction, and Direct Appeal**

Petitioner and co-defendant Norris Holder were indicted in 1997, before case law

recognized the Fifth Amendment required the indictment to contain at least one statutory

aggravating factor and intent factor.   *United States v. Allen*, 247 F.3d 741, 761-62 (8th Cir. 2001)

("*Allen I*"); *United States v. Allen*, 406 F.3d 940, 941-42 (8th Cir. 2005) ("*Allen III*").   Following

1

separate trials, they were each convicted of bank robbery resulting in death and use of a firearm in connection with a crime of violence resulting in murder. *Allen I*, 247 F.3d at 755; 18 U.S.C. § 2113(a), (e); 18 U.S.C. § 924(j). Holder was sentenced to death on both counts while Allen was sentenced to death on only the Section 924(j) count. *Id.*

On direct appeal, Allen argued that "his sentence was imposed in violation of the Fifth Amendment's Indictment Clause" because the Federal Death Penalty Act did not require the decision to seek the death penalty to be presented to the Grand Jury. *Allen I*, 247 F.3d at 761. Initially, the Eight Circuit denied Allen's claim. *Id.* at 762 ("[W]e also reject Allen's contention that aggravating factors and mental culpability factors must be alleged in an indictment in order to satisfy the Fifth Amendment.").

The Supreme Court then granted certiorari, reversed the appellate court, and remanded Allen's appeal for reconsideration of the issue in light of *Ring v. Arizona*, 536 U.S. 584 (2002), which held that the Sixth Amendment required the petit jury to find death penalty aggravating factors. *Allen v. United States*, 536 U.S. 953 (2002). On remand, an Eighth Circuit panel initially vacated the death sentence based on the indictment. *United States v. Allen*, 357 F.3d 745 (2004) ("*Allen II*"). The Eighth Circuit, sitting *en banc*, then affirmed the death sentence, finding the indictment deficiency to be harmless. *Allen III*, 406 F.3d at 948 (lack of statutory aggravating factor harmless); *id.* at 949 (lack of mental state factor harmless). Thereafter, the Supreme Court denied Allen's petition for a writ of certiorari, *Allen v. United States*, 127 S. Ct. 826 (2006), and further denied his petition for rehearing, *Allen v. United States*, 127 S. Ct. 1361 (2007).

**II.      Post Conviction Claims**

In 2007, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Among numerous other arguments, he claimed appellate counsel was constitutionally defective for failing to convince the Eight Circuit that the indictment error was structural. *Allen v. United States*, No.

4:07-CV00027-ERW, 2011 WL 1770929, at *45-47 (E.D. Mo. 2011).   The claim was denied. *Id.*   The Eighth Circuit granted a certificate of appealability as to his jury anonymity claim, and then affirmed the denial of his motion to vacate.   *Allen v. United States*, 829 F.3d 965 (8th Cir. 2016).   The Supreme Court again denied certiorari.   *Allen v. United States*, 583 U.S. 830 (2017).[1]

Having lost these claims in the Eastern District of Missouri and the Eighth Circuit, and following denial of certiorari in the Supreme Court, Petitioner brings these claims to this Court, arguing that the error was jurisdictional.   *See* Supp. Memo.   On August 25, 2023, this Court properly entered an order dismissing the petition, recognizing that *Jones v. Hendrix* prohibited this Court from reviewing Allen's jurisdictional claims.   Doc. #24.   Allen now moves to alter or amend the judgment.   Doc. #26.

### LEGAL ANALYSIS

### I.        *Jones* requires dismissal.

Section 2255 is the ordinary route for federal prisoners to collaterally attack their sentences, and therefore Petitioner cannot apply for a writ of habeas corpus under Section 2241 unless he meets the savings clause requirements of Section 2255(e).   Because he cannot do so, his claim must be dismissed under the Supreme Court's holding in *Jones v. Hendrix*, 599 U.S. 465 (2023). As this Court correctly recognized, *Jones* interpreted the savings clause not to allow claims that are barred by Section 2255(h).   Order, p. 4.

Petitioner acknowledges his claim would fail if he pursued a Motion to Vacate pursuant to 28 U.S.C. § 2255 in either the Eastern District of Missouri or the Eighth Circuit.   Supp. Memo, p.

---

[1] While this habeas petition was pending, Petitioner filed a separate habeas petition asserting a *Borden* challenge to his Section 924(j) conviction, arguing armed bank robbery could be performed recklessly.   *See* Petition, Doc. #1, *Allen v. Watson*, Case No. 2:21-cv-00396-JPH-DLP. It was dismissed under *Jones v. Hendrix*.   Doc. #20, Case No. 2:21-cv-00396-JPH-DLP (S.D. Ind. Jan. 29, 2024).

13 ("But Mr. Allen could not return to the sentencing court to challenge the Eighth Circuit's decision."). A motion pursuant to 28 U.S.C. § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A defendant is normally limited to only one challenge of his conviction and sentence under Section 2255. He may file a "second or successive" Section 2255 motion only if the court of appeals certifies that such motion asserts the existence of either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or, (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The one-year time limit of Section 2255(f)(3) applies to successive habeas under Section 2255(h). *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016) ("A petitioner has only one year from the date a constitutional right is first recognized by the Supreme Court."). While Allen's claim seeks to apply a constitutional rule of law, he has not identified a "new" rule; his claim is based on Supreme Court cases from 1887 (*Ex parte Bain*), 1959 (*Smith*), 1960 (*Stirone*), and—implicitly— 2002 (*Ring*). *See* Supp. Memo.

Because his claim would be rejected pursuant to Section 2255 if pursued in the Eastern District of Missouri or the Eighth Circuit, he filed the present Petition for Writ of Habeas Corpus in the Southern District of Indiana. But the Supreme Court limited petitioners from pursuing Section 2241 relief for claims that could have been brought through Section 2255. "We now hold that the saving clause does not authorize such an end-run around AEDPA." *Jones*, 599 U.S. at 477. "Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless [§ 2255(h)(1) or (2)] is satisfied." *Id.* at 477-78.

4

The Supreme Court rejected Jones's claim that "§ 2241 is available whenever a prisoner is presently unable to file a § 2255 motion." *Id.* at 482. It rejected that claim because "AEDPA's changes to § 2255 would be entirely futile, as § 2241 would be available any time the second-or-successive restrictions precluded relief. We decline to infer that Congress intended AEDPA's carefully crafted limits on collateral relief under § 2255 to be mere nullities." *Id.* The Supreme Court set out the situations where a Section 2241 petition is valid: "clear[ly]" when the sentencing court has been dissolved, *id.* at 474; when a prisoner is contesting things wholly unconnected to "the validity of the sentence" (such as denial of parole, calculation of good-time credits, or the imposition of an administrative BOP sanction), *id.* at 475; and "maybe" when a petitioner cannot be transported to the sentencing court, *id.* Petitioner's present claim plainly does not fall into any of these exceptions; he instead attacks "the validity of his sentence." *Id.*

In two unpublished decisions, the Seventh Circuit has already applied *Jones* in affirming the dismissal of habeas petitions arguing jurisdictional defects in their conviction. In *Daigle v. Kallis*, the petitioner sought to challenge the jurisdiction of the District Court of North Dakota. No. 22-3233, 2023 WL 10450157 (7th Cir. Nov. 13, 2023). "In *Jones v. Hendrix*, the Supreme Court held that the § 2255 remedy is not inadequate or ineffective merely because of a court's previous error in applying the law." *Id.*, *1 (citing 599 U.S. at 480). Recognizing that Section 2255 allows a petitioner to argue the sentencing court acted "without jurisdiction," a petitioner's jurisdictional claims can be effectively brought in a Section 2255 proceeding. *Id.* In *Diagle*, the Seventh Circuit "squarely foreclose[d]" Allen's argument that the Eighth Circuit's prior ruling against him renders Section 2255 inadequate: "*Jones* squarely forecloses any argument that a motion to vacate is inadequate or ineffective because of an asserted legal error by the sentencing court." *Id.* This is true even when the petitioner challenges the sentencing court's jurisdiction.

5

*Id.* ("A court, however, always has jurisdiction to determine its own jurisdiction, and a court's ruling on jurisdiction is protected against collateral attack in the same manner as other rulings.").

In *Day v. Watson*, the Seventh Circuit affirmed dismissal of a habeas petition that attempted to relitigate a jurisdictional claim previously denied by the Fourth Circuit on direct appeal and (after allegedly new case law) again on direct habeas review. No. 23-1072, 2023 WL 8798087, *1 (7th Cir. Dec. 20, 2023). Recognizing *Jones* for the proposition that petitioners cannot seek Section 2241 relief for a claim that could have been sought in their sentencing court, the Seventh Circuit affirmed the dismissal because a petitioner cannot relitigate an issue "if § 2255 could have been (or was) used to raise the issue." *Id.*, *1. The Seventh Circuit specifically addressed Day's attempt to use Section 2241 to attack the prior judgment of another circuit court of appeals: "Since '§ 2241 is not a means to get a second opinion in a different circuit,' Day cannot use it to resurrect an argument already rejected elsewhere." *Id.*, *1 (quoting *Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021) (brackets omitted)).[2]

Petitioner argues he is excepted from *Jones* because the trial court lacked jurisdiction over the offense because it was improperly indicted. Supp. Memo, pp. 6-11. Section 2255, according to Petitioner, is "inadequate and ineffective to address these jurisdictional and constitutional issues." *Id.*, p. 6. But, as recognized in *Daigle*, attacks on the jurisdiction of the court are at the heart of Section 2255. *Daigle*, 2023 WL 10450157 at *1. "A prisoner in custody under sentence

---

[2] The *Day* court also relied on *Roundtree v. Krueger*, 910 F.3d 312 (7th Cir. 2018). *Day*, 2023 WL 8798087, *1. *Roundtree* recognized as "a paradigm[atic] abuse of the writ" attempting to use Section 2241 "to relitigate a theory, in the absence of an intervening change of law." 910 F.3d at 314. Here, Allen seeks to relitigate his jurisdictional arguments rejected by the Eighth Circuit without identifying an intervening change in the law. Similarly, the Petition should also be dismissed on law-of-the-case principles. "[T]he courts, including our court, forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal." *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004).

of a court established by Act of Congress claiming the right to be released upon the ground … that the court was ***without jurisdiction*** to impose such sentence … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added).

**II.      Petitioner's argument—that the indictment defect was jurisdictional and therefore unwaivable—fails.**

As argued above, the Petition should be dismissed regardless of whether the indictment deficiency was a jurisdictional defect. But it is also clear that the indictment defect was harmless, and Supreme Court case law clearly establishes that it was non-jurisdictional. Thus, this Court should reject the exception to *Jones v. Hendrix* that Petitioner invites this Court to create.

Petitioner relies on *Stirone v. United States*, 361 U.S. 212 (1960), to argue that Allen's indictment was constructively amended in violation of the Fifth Amendment and *Ex parte Bain*, 121 U.S. 1 (1887), arguing an indictment defect is jurisdictional because "a federal district court has no jurisdiction to convict or sentence a defendant for a capital crime that has not been charged in an indictment returned by a grand jury." Supp. Memo, pp. 7-8. This reliance is problematic because "*Bain*'s elastic concept of jurisdiction is not what the term 'jurisdiction' means today, i.e., 'the courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "Insofar as it held that a defective indictment deprives a court of jurisdiction, *Bain* is overruled." *Id.*

To try to cure *Bain*'s shortcomings, Petitioner relies on *Smith v. United States*, 360 U.S. 1 (1959) to buttress the claim of a jurisdictional defect. Supp. Memo, p. 10. This is problematic for two reasons. First, *Smith* merely holds that a capital case cannot proceed by Information and must be charged by Indictment under Rule 7. *Id.* at 10. As Petitioner was not charged by Information, there was no Rule 7 error in his prosecution. More importantly though, *Smith* is completely at odds with modern notions of the Fifth Amendment and indictment requirements.

7

In *Smith*, the Supreme Court conducted collateral review of a non-capital sentence for kidnapping. *Id.* at 2-4. At the time, the kidnapping statute allowed a penalty of up to life imprisonment if the victim was "liberated unharmed" and a penalty of death otherwise. *Id.* at 7. In a holding that would be antithetical to today's understanding of the Fifth Amendment, the *Smith* Court held that the capital offense is properly charged even if the indictment does not allege the victim was not liberated unharmed. *Id.* at 8 ("In other words, when the offense as charged is sufficiently broad to justify a capital verdict, the trial must proceed on that basis, even though the evidence later establishes that such a verdict cannot be sustained because the victim was released unharmed."). The indictment in Petitioner's case was very much in line with the holding of *Smith*, which did not require sentencing enhancements triggering the death penalty to be charged in the indictment.[3]

What Petitioner really complains about here is not *Smith* error, but *Smith*'s Rule 7 holding as buttressed by the *Jones v. United States* rule on indicting factors that increase a statutory maximum. 526 U.S. 227, 243 n.6 (1999). In *Jones v. United States*,[4] the Supreme Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." 526 U.S. at 243 n.6. *Jones v. United States*, decided one year after Petitioner was sentenced to death, was the genesis of the Eighth Circuit's holding in *Allen III* that the statutory factors must be charged in the indictment. *Allen III*, 406 F.3d at 942-43.

---

[3] In fact, *Smith* directly rejected Petitioner's argument, a similar version of which was advanced in the dissenting arguments of three justices. 360 U.S. at 12 (Clark, J., concurring in part and dissenting in part).

[4] Referred to as "*Jones v. United States*" to avoid confusion with *Jones v. Hendrix*.

Petitioner cannot recognize *Jones v. United States* as the source of his claim, however, and does not even cite it in his Supplemental Memorandum. This is because the Supreme Court has already found errors under *Jones v. United States* to be non-jurisdictional. *Cotton*, 535 U.S. at 630-631. *Cotton*, which corrected *Ex parte Bain*'s expansive use of the term "jurisdictional," recognized that "[p]ost-*Bain* cases confirm that defects in an indictment do not deprive a court of its power to adjudicate a case." *Id.* at 630. Relying on pre-*Smith* Supreme Court decisions, it ruled that whether "'the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" *Id.* at 631 (quoting *United States v. Williams*, 341 U.S. 58 (1951)). This is because "***a district court 'has jurisdiction of all crimes cognizable under the authority of the United States*** ... [and] [t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.'" *Id.* at 630-31 (emphasis added) (brackets in original) (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916)). Therefore, the U.S. District Court for the Eastern District of Missouri had jurisdiction over the death-resulting bank robbery that Petitioner committed.

Therefore, the Supreme Court has recognized the indictment defect is non-jurisdictional. The Eighth Circuit was correct in holding that the defect in Petitioner's indictment was non-structural and subject to harmless error review. *Allen III*, 406 F.3d at 948. Petitioner's pleas—for this Court to create an exception to *Jones v. Hendrix* because he alleges a jurisdictional defect in the original prosecution—fails. Therefore, the Court did not err in dismissing the petition for lack of subject matter jurisdiction and the Court should deny Petitioner's Motion to Alter or Amend Judgment. *See Jones,* 599 U.S. at 477–80.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*/s/ Jason S. Dunkel*
JASON DUNKEL, #65886(MO)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
Jason.Dunkel@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Jason S. Dunkel
JASON DUNKEL, #65886(MO)
Assistant United States Attorney

11