UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,          )
                               )
     Petitioner,           )
                               )
v.                           )    No. 2:20-cv-00406-JRS-MJD
                               )
WARDEN, USP TERRE HAUTE,    )    CAPITAL CASE
                               )
     Respondent.        )

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO FIND
GOVERNMENT FORFEITED RESPONSE TO MOTION TO AMEND**

The United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Jason S. Dunkel, Special Assistant United States Attorney for said district, files its Response to Petitioner's Motion to Find that the Government has Forfeited Any Opposition to Petitioner's Motion to Alter or Amend Judgment (Doc. #31) ("Motion").

**BACKGROUND**

On July 22, 2020, Petitioner Billie Jerome Allen, filed this petition for a writ of habeas corpus under 28 U.S.C. §2241 challenging his conviction and death sentence for use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two). Specifically, he claims the district court lacked jurisdiction because the indictment failed to allege a statutory aggravating factor. On August 25, 2023, this Court entered an Order dismissing the Petition for lack of jurisdiction.   Doc. #24.

Petitioner thereafter moved the Court to alter or amend its judgment, asking for an opportunity to brief the effect of *Jones v. Hendrix*, 599 U.S. 465 (2023).   The Court allowed

1

additional briefing and allowed the Government 35 days to file a response once Petitioner filed his Supplemental Memorandum, which ran on November 14, 2023.   Doc. #27.

As set out in the Government's Motion for Extension of Time, through unintentional oversight the Government did not respond by November 14, 2023.   The oversight was caused in part by the fact that Allen's petition is pending in the Southern District of Indiana whereas he was convicted in the Eastern District of Missouri.   Due to the separate jurisdictions, the lead attorney for this case from the U.S. Attorney's Office from the Eastern District of Missouri was not entered on the case and was unaware that the Motion had been filed.   Additionally, that attorney recently retired from the office, further delaying discovery of the oversight.   The Government has taken steps to eliminate such an issue from reoccurring.   Undersigned counsel, an Assistant U.S. Attorney for the Eastern District of Missouri, has been appointed as a Special Assistant U.S. Attorney for the Southern District of Indiana and has entered his appearance in this case to ensure that attorneys from both U.S. Attorney's Offices receive notices of all future case developments.

## LEGAL ANALYSIS

The Court has discretion to allow the Government to file its responsive brief and deny Petitioner's motion seeking this Court to find the Government forfeited its response.   "A judge may regulate practice in any manner consistent with federal law, rules adopted under 18 U.S.C. §§ 2072 and 2075, and the district's local rules."   Fed. R. Civ. P. 83(b).   "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."   Fed. R. Civ. P. 6(b)(1).

Here, the Government has established excusable neglect in missing the response based on the recent retirement of counsel for the Eastern District of Missouri and the confusion caused by the cross-jurisdictional nature of Petitioner's Section 2241 petition.   Such confusion was

2

hampered by the Eastern District of Missouri attorney's belief that this case was closed following the entry of the Judgment and therefore it was not reassigned to another attorney upon her retirement. That the Government has taken remedial measures to ensure another oversight does not occur in this case should help this Court to find the oversight was through excusable neglect rather than reckless or intentional omission.

Petitioner cites two authorities for his argument that the Government has forfeited its response. Motion, p. 2 (quoting Westlaw's Headnote 9 of *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077 (7th Cir. 2001) and quoting *Greenberger v. GEICO*, No. 05-CV-05539, 2009 WL 10739618 (N.D. Ill. Feb. 3, 2009)). But in both cases, forfeiture occurred after a party failed to file any response before the Court issued its ruling on the matter. *Middle Tenn. News Co.*, 250 F.3d at 1082, n.5; *Greenberger*, 2009 WL 10739618, *2. Here, as the Court has not yet ruled on whether to amend the Judgment, the Court is not required to find the Government has forfeited its response and the Court retains discretion to accept the Government's out-of-time response, or alternatively to grant the Government's pending Motion for Extension of Time, Doc. #32, which would make the Government's response timely.

But even if the response has been forfeited, it does not prohibit this Court from denying Petitioner's Motion to Alter or Amend. Petitioner's Motion concedes that the Court could still consider defenses "obvious to court." Motion, at 2. This Court has already *sua sponte* recognized *Jones* governs here. Doc. #24. At least two similar *Jones* dismissals from this division of this Court of habeas petitions raising jurisdictional arguments have been affirmed by the Seventh Circuit. *Daigle v. Kallis*, No. 22-3233, 2023 WL 10450157 (7th Cir. Nov. 13, 2023); *Day v. Watson*, No. 23-1072, 2023 WL 8798087, *1 (7th Cir. Dec. 20, 2023). Because the defenses to

3

his Motion to Alter or Amend are obvious, this Court can deny Petitioner's Motion on these alternative grounds.

## CONCLUSION

Because the Court retains discretion to accept the Government's brief, it should deny Petitioner's Motion to Find that the Government has Forfeited Any Opposition to Petitioner's Motion to Alter or Amend Judgment.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*/s/ Jason S. Dunkel*
JASON DUNKEL, #65886(MO)
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
Jason.Dunkel@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Jason S. Dunkel*
JASON DUNKEL, #65886(MO)
Assistant United States Attorney

4