IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Case No. 2:20-cv-00406-JRS-MJD

---

BILLIE JEROME ALLEN,

Petitioner,

v.

WARDEN,
United States Penitentiary – Terre Haute,

Respondent.

---

REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S MEMORANDUM
ADDRESSING THE APPLICABILITY OF
*JONES v. HENDRIX*, 143 S. CT. 1857 (2023)

Pursuant to this Court's September 7, 2023, Order, Doc. 27, the government had until November 14, 2023, to address the application of *Jones v. Hendrix,* 143 S. Ct. 1857 (2023) to this case. It did not do so. Instead, without having received permission from this Court, the government filed its response on May 24, 2023, more than six months later. Doc. 35.

This Court should decline to consider the government's arguments. Its response is untimely, was filed without permission (as this Court has not ruled on its belated motion for an extension of time), and it fails to offer a reasonable excuse for its delay. But even if its arguments are considered, they lack merit as they fail to address the unique facts of this capital case and the reasons why *Jones* is not applicable here.

A. **The Government's Untimely and Forfeited Arguments Should Not Be Considered.**

The government argues that its failure to comply with this Court's Order should be forgiven because its negligence was excusable. Yet the government fails to offer a reasonable excuse for its noncompliance.

The crux of the government's explanation is that the office of the United States Attorney for the Eastern District of Missouri did not know of the requirements of this Court's Order. Doc. 36 at 2. But that is not surprising, as no attorney from that office has ever filed an appearance in this case. Since its inception in 2020, the government has been represented by the office of the United States Attorney for the Southern District of Indiana. Assistant United States Attorney Brian Reitz, from that office, entered his appearance on November 3, 2020. That appearance has never been withdrawn. Mr. Reitz, on behalf of the government, filed an opposition to Mr. Allen's request for habeas relief. Mr. Reitz is listed on this Court's ECF notification system and received notice of all of the pleadings in this case on behalf of the government. Throughout the years of litigation, no one from Eastern District of Missouri (the district of conviction) has made any attempt to participate in the litigation. Whether there was communication between the two offices is not known and is not relevant. Petitioner properly served notice of his pleadings upon the attorney who had entered an appearance. Thus, the government's failure to comply with this Court's Order cannot be excused because an attorney from the Eastern District of Missouri who was not a party to this case, had not entered an appearance, and apparently had not been in contact with the United Sates Attorney for the Southern District of Indiana, was not aware of this Court's Order.

Now, the government has doubled down on its negligence. Although the government has belatedly asked for permission to file an untimely response, Doc. 32, a request Petitioner has

2

opposed, this Court has not ruled on that motion.  Nevertheless, without waiting for a ruling, the government filed a response six months late.  Since the government did not have permission to file, its response should be stricken.

The government should be treated as any other litigant who fails to meet this Court's time deadlines, or timely file a motion asking for more time.  In *Williams v. Roark*, 2024 WL 187282 (S.D. IN. 2024) (Sweeney, J.), this Court declined to consider untimely motions that had been filed by the plaintiff without having timely requested an extension of time to do so.  *Id.* at *1. Without a legitimate excuse for its misbehavior, the government should be treated no differently. A habeas petitioner will suffer the consequences of a lawyer's negligence.  *See Coleman v. Thompson*, 501 U.S. 722 (1991).  The same rules should apply to all litigants.  The government should not be entitled to any special privilege.

**B.       The Government's Arguments Lack Merit.**

The government argues that *Jones* precludes any effort by a prisoner seeking habeas relief from a conviction or sentence under 18 U.S.C. § 2241.  That is not accurate.  "After AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 143 S. Ct. at 1868.  The government seeks to treat this case as an ordinary criminal case and fails to acknowledge the unusual circumstances present here that make it impossible to seek relief from the sentencing court.

Those circumstances start with the nature of the error.  The Fifth Amendment of the Constitution explicitly requires that a capital prosecution can only proceed by indictment.  No other way is permissible.  The Fifth Amendment provides, in pertinent part, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or

indictment of a grand jury." Billie Allen was never indicted on a capital offense. The indictment against him did not include any aggravating circumstances that form the elements of a capital murder. Thus, the indictment returned by the jury only included charges of non-capital murder, which is a different offense than capital murder.

But the government was allowed to charge and try Mr. Allen for capital murder simply by filing a Notice of Aggravating Circumstances. This was, without question, a violation of the Fifth Amendment. This error should have prevented the government from conducting their prosecution as a capital one in nature and effect, and prevented the sentencing Court from exercising their jurisdiction "to hear the case." *Smith v. United States*, 360 U.S. 1, 10 (1959). In *Smith*, the Court held that "[u]nder our view of Rule 7(a), the United States Attorney did not have authority to file" an information and that any waivers made of the indictment requirement "did not confer power on the convicting court to hear the case." *Id.* (citing *Ex parte Wilson*, 114 U.S. 417 (1885)). In the same way here, the government had no authority to file a Notice of Intent to Seek the Death Penalty that sought to identify the aggravating circumstances that had not been included in the indictment and such filing "did not confer power on the convicting court to hear the [capital] case." *Id.*

The government argues that *Smith* is inapplicable because Mr. Allen was not charged by means of an Information. Doc. 35 at 7. This argument misses the point. The capital charges were brought by the Notice of Aggravating Circumstances and were not included in the indictment. That Notice did not satisfy the grand jury requirement of the Fifth Amendment just as an Information would not satisfy the Grand Jury Clause.

The unusual nature of these proceedings – a capital trial without a capital indictment – were compounded by the Eighth Circuit's treatment of the claim on direct appeal. Although

4

recognizing that the Fifth Amendment had been violated, the en banc court took the unprecedented step of applying harmless error by speculating that the grand jury would have indicted Mr, Allen on capital charges if they had been asked to do so, *United States v. Allen*, 406 F.3d 940, 943-44 (8th Cir. 2004). Such a ruling constructively amended the indictment by turning a non-capital indictment into a capital one. In this way, the Eighth Circuit created yet another constitutional error that compounded the trial court's constitutional error with one of its own. *See United States v. Farr,* 536 F.3d 1174, 1184-85 (10th Cir. 2008) (Gorsuch, J.) (Fifth Amendment violation resulting from constructive amendment of the indictment was reversible error *per se* without any further showing of prejudice).

Yet it was impossible for Mr. Allen to challenge the Eighth Circuit's ruling or contest the appellate court's constitutional error in the sentencing court. The sentencing court would be bound by the Eighth Circuit's ruling, and the doctrines of res judicata and law of the case would preclude any challenge in § 2255 proceeding. Mr. Allen's only opportunity to challenge the Eighth Circuit's ruling lies in the traditional remedy of habeas corpus.

In short, this case presents the unusual circumstances of a capital case that was tried with no capital indictment in violation of the Fifth Amendment; a trial court that thus had no jurisdiction to proceed on capital charges and impose a death sentence; an appellate court that constructively amended the indictment to include a capital charge when the grand jury had not done so; and a procedural posture that rendered it impossible for Petitioner to challenge those rulings in § 2255 proceedings. This case meets the exceptions explicitly allowed by *Jones.*

The government's response does not address any of these unusual circumstances. Instead, the government relies on non-capital cases where ordinary claims if error can be addressed by the sentencing court. The government most heavily relies on *United States v.*

*Cotton,* 535 U.S. 625 (2002), where the Supreme Court rejected a jurisdictional challenge to a non-capital sentencing in which the defendants did not object to the absence of sentencing allegations in the indictment. *Id.* at 631. *Cotton* has no application to a capital case where the Fifth Amendment was unquestionably violated because the indictment did not charge a capital crime and where petitioner timely objected at trial and on direct appeal.

The government also relies on two unpublished orders of the Seventh Circuit that applied *Jones* to affirm the dismissal of § 2241 petitions that attempted to raise ordinary claims of error in non-capital cases that could have been brought under § 2255. In *Daigle v. Kallis,* 2023 WL 10450157 (7th Cir. 2023), the petitioner tried to challenge the jurisdiction of the trial court because of several perceived errors in its application of the Federal Rules of Criminal Procedure. In *Day v. Watson*, 2023 WL 8798087 (7th Cir. 2923), the petitioner sought to litigate an international law challenge to his conviction that had already been rejected in § 2255 and appellate proceedings. In both of these non-capital cases, the Seventh Circuit held that *Jones* prohibited a collateral attack under § 2241.

Neither of those cases has any applicability here. Neither were a capital case tried without a capital indictment. Neither concerned an undisputed Fifth Amendment violation. And, perhaps most importantly, neither concerned an appellate decision that constructively amended an indictment to include a capital charge that the grand jury had not authorized, and which was procedurally immune from attack in § 2255 proceedings. These cases have no relevance here.

Mr. Allen's case presents unusual circumstances that fall within the *Jones* exceptions. The government fails to acknowledge or address those circumstances, and relies on non-capital cases that do not come close to addressing the facts of this case. Its arguments fail.

6

**<u>Conclusion</u>**

For the foregoing reasons, in addition to those set forth in his prior pleadings, Petitioner respectfully asks this Court to vacate its order and judgment dismissing his habeas petition, find that this Court has jurisdiction to address the merits of his claims, and grant him relief.

Respectfully submitted,

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Timothy_Kane@fd.org
Eric_Montroy@fd.org

Dated: June 18, 2024

## <u>CERTIFICATE OF SERVICE</u>

I, Eric Montroy, hereby certify that on this 18th day of June, 2024, I filed the foregoing document via the Court's electronic filing system, which system will serve a copy of upon all counsel of record.

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826