IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Case No. 2:20-cv-00406-JRS-MJD

---

**BILLIE JEROME ALLEN,**

**Petitioner,**

**v.**

**WARDEN,**

**United States Penitentiary – Terre Haute,**

**Respondent.**

---

## NOTICE OF APPEAL

Notice is hereby given that Billie Jerome Allen, petitioner in the above- named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from each and every aspect of the final judgment and order denying his petition for a writ of habeas corpus, entered in this action on August 25, 2024 (Dkt. Nos. 24 and 25), and this Court's order denying Mr. Allen's motion to alter or amend judgment, pursuant to Rule 59 of the Federal Rules of Civil Procedure, entered on January 23, 2025 (Dkt. No. 40).

The District Court allowed Mr. Allen to proceed *in forma pauperis*, in an order dated

August 6, 2020 (Dkt. No. 6) and appointed counsel from the Federal Community Defender

Office for the Eastern District of Pennsylvania on October 15, 2020 (Dkt. No. 10).

Respectfully submitted,

/s/ Eric Montroy

Eric Montroy
Stuart Lev
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Eric_Montroy@fd.org

Dated: February 11, 2025

## CERTIFICATE OF SERVICE

I, Eric Montroy, hereby certify that on this 11th day of February 2024, I filed the

foregoing document via the Court's electronic filing system, which system will serve a copy of

upon all counsel of record.

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,                    )
                                        )
            Petitioner,                 )
                                        )
      v.                                )      No. 2:20-cv-00406-JRS-MJD
                                        )
WARDEN,                                 )
                                        )
            Respondent.                 )

**Final Judgment**

The Court now enters final judgment. The petition for a writ of habeas corpus is

**DISMISSED** for lack of jurisdiction.

Date: 8/25/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Roger A.G. Sharpe, Clerk                Southern District of Indiana

BY: _Samantha Burmester_

Deputy Clerk, U.S. District Court

Distribution:

All ECF-registered counsel of record via email

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,         )
          )
        Petitioner,       )
          )
        v.          )      No. 2:20-cv-00406-JRS-MJD
          )
WARDEN,          )
          )
        Respondent.    )

**Order Denying Motion to Alter or Amend Judgment and
Resolving Other Motions**

Billie Jerome Allen and an accomplice robbed a bank in St. Louis and killed security guard Richard Heflin. Mr. Allen was convicted in the Eastern District of Missouri of killing a person during the course of a bank robbery and of murdering a person with a firearm used during and in relation to a crime of violence. He was sentenced to life imprisonment on the former count and death on the latter one. His convictions and death sentence were affirmed on direct appeal, and he completed one round of collateral review under 28 U.S.C. § 2255. Mr. Allen subsequently filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this District, where he is incarcerated. This Court determined that it lacked jurisdiction pursuant to 28 U.S.C. § 2255(e) to adjudicate Mr. Allen's habeas corpus petition and dismissed the action on that basis.

Mr. Allen filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. 26. For the following reasons, that motion is **denied**.

1

## I.      Background

## A.  Criminal Proceedings and Prior Collateral Challenges

Mr. Allen was convicted on an indictment that did not include any statutory aggravating factors that triggered eligibility for the death penalty. *United States v. Allen*, 406 F.3d 940, 943 (8th Cir. 2005). Mr. Allen raised a number of issues on direct appeal, including an argument that his indictment violated the Fifth Amendment because it did not allege facts to support a statutory aggravating sentence to trigger eligibility for the death sentence. *See United States v. Allen*, 247 F.3d 741, 761 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002). After multiple panel opinions and a granted petition for writ of certiorari, the Eighth Circuit ultimately resolved the question *en banc*, holding that the government's failure to include at least one statutory aggravating factor in the indictment violated Mr. Allen's Fifth Amendment rights, but the error was harmless beyond a reasonable doubt. *Allen*, 406 F.3d at 942–49. Following the *en banc* opinion, the Supreme Court denied certiorari. *Allen v. United States*, 127 S. Ct. 826 (Dec. 11, 2006).

Mr. Allen next moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016). The district court denied the motion, and the Eighth Circuit affirmed. *Id.* The Supreme Court denied a petition for writ of certiorari. *Allen v. United States*, No. 16-8229, 138 S. Ct. 59 (Oct. 2, 2017).

In 2013, Mr. Allen filed a 28 U.S.C. § 2241 petition in this Court, but he later withdrew it without prejudice. *Allen v. Warden*, 2:13-cv-271-JMS-MJD (S.D. Ind.).

2

**B. The § 2241 Petition**

In 2020, Mr. Allen filed the instant 28 U.S.C. § 2241 petition in this Court. Dkt. 1. In the petition, he argued that (1) trial counsel was ineffective in various respects and (2) his indictment was constitutionally deficient, such that the sentencing court lacked jurisdiction to sentence him to death. *Id.* The government responded, arguing that Mr. Allen could not bring these claims in a 28 U.S.C. § 2241 petition because they did not satisfy the saving clause in 28 U.S.C. § 2255(e). Dkt. 15. Mr. Allen, through appointed counsel, filed a reply. Dkt. 20.

After the matter was fully briefed, the Supreme Court issued its opinion in *Jones v. Hendrix*, 599 U.S. 465 (2023), which curbed petitioners' ability to rely on the saving clause in § 2255(e) to pursue relief in a § 2241 petition. Relying in part on *Jones*, and without requesting further briefing from the parties, this Court determined that it lacked jurisdiction to adjudicate Mr. Allen's habeas petition and dismissed it. Dkts. 24, 25.

Mr. Allen filed the instant Rule 59(e) motion on September 1, 2023. Dkt. 26. That motion is now fully briefed.

In December 2024, President Biden commuted Mr. Allen's death sentence to one of life imprisonment without parole.[1]

---

[1] Because Mr. Allen challenges both his conviction and sentence, the Court assumes for purposes of the Rule 59(e) motion that these proceedings have not been rendered moot by the commutation. *See Dennis v. Terris*, 927 F.3d 955 (6th Cir. 2019) (holding presidential commutation did not render habeas action moot where success on habeas could reduce his sentence).

3

## II.    Motion to Find Government Forfeited Opposition and Motion for Extension of Time

Before the Court discusses the merits of Mr. Allen's Rule 59(e) motion, it addresses two motions related to the Government's belated response.

When Mr. Allen filed his Rule 59(e) motion, he requested a briefing schedule. Dkt. 26. The Court granted the request for supplemental briefing, providing Mr. Allen 35 days to file a supplemental brief, the government 35 days to file a response, and Mr. Allen 21 days to file a reply. Dkt. 27.

Mr. Allen filed his memorandum on October 10, 2023, in which he argued that the rule in *Jones* was narrow and did not apply to the issues raised in his case. Dkt. 28. The government did not file a response by the deadline.

Months after the deadline passed for the government to respond, Mr. Allen filed a motion requesting that this Court find that the government forfeited its opposition to his Rule 59 motion, that the Court grant the Rule 59 motion, and that the Court address the merits of his habeas petition. Dkt. 31. That day, the Assistant U.S. Attorney from the Southern District of Indiana who had an appearance on the case filed a motion for extension of time to respond. Dkt. 32. In that motion, he apologized to the Court and Mr. Allen for failing to file a timely response, noting that he "rarely misses the deadlines imposed by this Court and is unsure how this one was missed." *Id.* at 3.

An Assistant U.S. Attorney from the Eastern District of Missouri then entered an appearance, and the blame for the missed deadline suddenly shifted. In his response, he attributed the oversight to the fact that while Mr. Allen's § 2241 action

4

was pending in the Southern District of Indiana, he was convicted in the Eastern District of Missouri, and no one from the U.S. Attorney's Office from the latter district had appeared on the case. Dkt. 36 at 2. Further, the lead attorney on Mr. Allen's case in the Eastern District of Missouri had recently retired, which further contributed to the lack of awareness about the proceedings in this district. *Id.*

This argument is not well taken. As Mr. Allen points out in his reply, the Assistant U.S. Attorney in Indianapolis has had an appearance in this matter since November 2020, and he was the one who filed the Return. *See* dkts. 13, 15. Every § 2241 action of this type requires coordination between offices in multiple districts, and there is no explanation as to why the Assistant U.S. Attorney in Indianapolis did not coordinate with his Missouri counterparts (if such coordination was even required).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Although the Court is sensitive to busy caseloads and that, sometimes, deadlines may be missed due to simple human error, the Court does not credit the government's subsequent effort to shift the blame to a retired individual who has never been involved in this particular proceeding. Accordingly, Mr. Allen's motion to find that the government has forfeited any opposition to petitioner's motion to alter or amend the motion, to grant that motion, and address the merits of his habeas petition, dkt. [31], is **granted to the limited extent** that the motion for extension of time, dkt. [32], is **denied**, and the

5

response brief filed by the government on May 24, 2024, has not been considered in the Court's adjudication of the Rule 59(e) motion. For the following reasons, however, Mr. Allen's Rule 59(e) motion is due to be denied.

### III.    Discussion

To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

In his motion, Mr. Allen argues that *Jones* did not limit the availability to assert jurisdictional challenges in a § 2241 petition. He argues that the Eighth Circuit's resolution of his claim on direct appeal precluded him from raising the claim in his § 2255 motion and, therefore, § 2241 remains an available procedural avenue despite *Jones*. The Court now discusses *Jones* and its impact on Mr. Allen's ability to file a § 2241 petition.

### A. *Jones v. Hendrix*

The primary vehicle for a collateral attack on a federal conviction or sentence is a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress placed limitations on a federal prisoner's ability to bring a § 2255 action. First, such action can only be brought in the court which imposed the sentence. 28 U.S.C. § 2255(a). Second, a federal prisoner is limited to

6

bringing one § 2255 motion, unless the court of appeals for the district where the action is filed determines that a second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Congress created within § 2255 a narrow exception to the "general rule" that requires a federal prisoner to bring a collateral attack under § 2255. A petitioner may seek relief by filing a § 2241 habeas corpus petition if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision is referred to as the "saving clause." *See Jones*, 599 U.S. at 469.

In *Jones*, the Court held that the plain language of § 2255(h) limits a federal prisoner from filing a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or a "new rule of constitutional law," § 2255(h)(2), and that the limitation on second or successive motions does not render § 2255 "inadequate or ineffective" such that a prisoner may seek relief under § 2241 due to a favorable interpretation of statutory law after his first § 2255 was resolved. 599 U.S. at 469–70. But the Court in *Jones* did not limit the saving clause's application to statutory challenges; rather, it created a universal rule that § 2255(e)'s "inadequate or ineffective" language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h):

7

> In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Id.* at 478.

Thus, if § 2255(h) is the only obstacle to a petitioner bringing a collateral attack on his conviction or sentence in a § 2255 motion, then § 2255(e) does not permit the petitioner to instead bring the collateral attack in a § 2241 petition. *Jones*, 599 U.S. at 478 ("Basic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes.").

As the Court explained in *Jones*, a § 2241 petition may be used for a collateral attack on a sentence or conviction only "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. The Court observed that "[t]he clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* (citing cases where court-martial, the District Court of the Canal Zone, and an Alaska territorial court were dissolved); *see also id.* at 494 (J. Jackson, dissenting) ("[T]he majority is also wrong to interpret § 2255(e) . . . as if Congress designed that provision to filter potential habeas claims through the narrowest of apertures, saving essentially only those that a court literally would be unable to consider due to something akin to a natural calamity.").

### B. Mr. Allen's Arguments

Mr. Allen argues that he could not have brought a jurisdictional challenge in a § 2255 motion due to the Eighth Circuit's treatment of the challenge to his indictment on direct appeal. He argues that the appellate court "constructively amended the indictment by speculating that the grand jury would have indicted on capital murder if it had been asked to do so[ ]" when it determined that the Fifth Amendment violation to the defective indictment had been harmless error. Dkt. 28 at 2. According to Mr. Allen, this created another layer of constitutional error that could not have been remedied by Mr. Allen's sentencing court, because that court was bound by the Eighth Circuit's ruling on direct appeal and any such claim presented in a § 2255 motion would have been rejected outright. *Id.* at 13. Thus, in his view, the Eighth Circuit's error on direct appeal created "unusual circumstances" that make it so § 2241 is still available, even in light of *Jones*. *Id.*

> This view was squarely rejected by the Supreme Court in *Jones*:
>
> This argument ignores that the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle* . . ., not any court's asserted errors of law. . . . Even when *circuit law* is inadequate or deficient because a Court of Appeals' precedents have resolved a legal issue incorrectly, that is not a fault in the § 2255 remedial vehicle itself.

599 U.S. at 480–81 (cleaned up, emphases in *Jones*). Thus, even if the Eighth Circuit's resolution of Mr. Allen's jurisdictional issue on direct appeal was erroneous, this has no impact on the availability of § 2255 to raise a jurisdictional challenge. Indeed, such a challenge is expressly authorized under § 2255(a): "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released

upon the ground . . . that *the court was without jurisdiction to impose such sentence . . .* may move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added). *See also Daigle v. Kallis*, 2023 WL 10450157 (7th Cir. Nov. 13, 2023) (unpublished) (upholding dismissal of § 2241 in which petitioner challenged North Dakota district court's jurisdiction to hear his case, observing that "[a] court, however, always has jurisdiction to determine its own jurisdiction, and a court's ruling on jurisdiction is protected against collateral attack in the same manner as other rulings").

Even before *Jones*, the saving clause was not intended to give a petitioner another opportunity for collateral review in a different circuit because he was disappointed in the result of the proceedings in the circuit of his conviction. *See Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021) ("Section 2241 is not a means to get a second opinion in a different circuit."). Because Mr. Allen has not shown that this Court made a legal error in dismissing his petition for lack of jurisdiction, his Rule 59(e) motion, dkt. 26, is **denied**.

## IV.   Conclusion

Mr. Allen's motion to find that the government has forfeited any opposition to petitioner's motion to alter or amend judgment, dkt. [31], is **granted to the limited extent** that the government's motion for extension of time, dkt. [32], is **denied**, and the Court has not considered the government's arguments presented in its May 24, 2024, response brief. Mr. Allen's motion for prompt resolution of pending matters, dkt. [38], is **granted** to the extent that all pending motions have been resolved.

Because Mr. Allen has not demonstrated that this Court made an error entitling him to relief, Mr. Allen's motion to alter or amend judgment under Rule 59(e), dkt. [26], is **denied**.

**IT IS SO ORDERED.**

Date: 1/23/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00406-JRS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Habeas Corpus Action for Lack of Jurisdiction**

Billie Jerome Allen and an accomplice robbed a bank in St. Louis and killed security guard Richard Heflin. Mr. Allen was convicted of killing a person during the course of a bank robbery and of murdering a person with a firearm used during and in relation to a crime of violence. He was sentenced to life imprisonment on the former count and death on the latter one. His convictions and death sentence were affirmed on direct appeal, and he completed one round of collateral review under 28 U.S.C. § 2255. Now Mr. Allen has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. But 28 U.S.C. § 2255(e) deprives this Court of jurisdiction to adjudicate Mr. Allen's habeas corpus petition, which presents the types of claims that may be raised in a 28 U.S.C. § 2255 motion. Accordingly, the petition is **DISMISSED**.

## I.    Background[1]

Mr. Allen was convicted on an indictment that did not include any statutory aggravating factors that triggered eligibility for the death penalty. *United States v. Allen*, 406 F.3d 940, 943 (8th Cir. 2005). Mr. Allen raised a number of issues on direct appeal, including an argument that

---

[1] The facts of Allen's crimes are not material to the Court's resolution of this petition. Those facts are summarized in *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002).

1

his indictment violated the Fifth Amendment because it did not allege facts to support a statutory aggravating sentence to trigger eligibility for the death sentence. *See United States v. Allen*, 247 F.3d 741, 761 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002). After multiple panel opinions and a granted petition for writ of certiorari, the Eighth Circuit ultimately resolved the question *en banc*, holding that the government's failure to include at least one statutory aggravating factor in the indictment violated Mr. Allen's Fifth Amendment rights, but the error was harmless beyond a reasonable doubt. *Allen*, 406 F.3d at 942−49. Following the *en banc* opinion, the Supreme Court denied certiorari. *Allen v. United States*, 127 S. Ct. 826 (Dec. 11, 2006).

Mr. Allen next moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016). The district court denied the motion, and the Eighth Circuit affirmed. *Id.* The Supreme Court denied a petition for writ of certiorari. *Allen v. United States*, No. 16-8229, 138 S. Ct. 59 (Oct. 2, 2017).

In 2013, Mr. Allen filed a 28 U.S.C. § 2241 petition in this Court, but he later withdrew it without prejudice. *Allen v. Warden*, 2:13-cv-271-JMS-MJD (S.D. Ind.).

In 2020, Mr. Allen filed another 28 U.S.C. § 2241 petition in this Court. Dkt. 1. In the petition, he contends that (1) trial counsel was ineffective in various respects and (2) his indictment was constitutionally deficient, such that the sentencing court lacked jurisdiction to sentence him to death. *Id.* The government responded, arguing that Mr. Allen cannot bring these claims in a 28 U.S.C. § 2241 petition because they do not satisfy the saving clause in 28 U.S.C. § 2255(e). Dkt. 15. Mr. Allen, through appointed counsel, filed a reply. Dkt. 20.

## II.      Discussion

Mr. Allen suggests two paths for this Court to adjudicate his 28 U.S.C. § 2241 petition. First, he argues that the saving clause in 28 U.S.C. § 2255(e) allows him to collaterally attack his convictions and sentence. Dkt. 20 at 10−13. Second, he argues that he is challenging the "execution" of his death sentence, in addition to its imposition, and § 2241 is generally available to challenge the execution of a sentence. *Id.* at 13−15. The Court addresses each claim in turn.

### A.      The saving clause

Generally, a federal prisoner must collaterally attack his conviction or sentence by filing a motion in the sentencing court under 28 U.S.C. § 2255. *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020). Section 2255 itself provides that

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts refer to the final clause of this sentence as the "saving clause." *Jones v. Hendrix*, 143 S. Ct. 1857, 1864 (2023).

When Mr. Allen filed his petition, Seventh Circuit precedent provided that the saving clause allowed inmates to file 28 U.S.C. § 2241 petitions challenging their convictions and sentences in a narrow but undefined range of circumstances. *See Purkey*, 964 F.3d at 612 (identifying three central cases but clarifying that "those cases [do not] rigidly describe the outer limits" of the saving clause's application). The fundamental requirement was that the petitioner make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with his conviction or sentence. *Id.* at 615. In most cases where the saving clause was satisfied, § 2255 was unavailable because the petitioner had already litigated

3

a § 2255 motion and could not meet 28 U.S.C. § 2255(h)'s requirements for filing a second or successive motion. *See*, *e.g.*, *In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998) (framing the question as "when if ever a federal prisoner can use the habeas corpus statute . . . to get around the bar that the Antiterrorism Act places athwart successive motions under 28 U.S.C. § 2255").

But while Mr. Allen's petition was pending the Supreme Court in *Jones v. Hendrix* severely limited the saving clause's application. The petitioner in *Jones* invoked the saving clause based on the parameters set forth by the Seventh Circuit in *Davenport*: he raised a statutory interpretation claim that was not viable at the time of his original § 2255 proceedings but became viable after a retroactively applicable Supreme Court decision interpreting the statute at issue. 147 F.3d at 611−12. The Supreme Court expressly rejected this application of the saving clause. *Jones*, 143 S. Ct. at 1867 (abrogating *Davenport* and numerous similar opinions from other circuits).

Mr. Allen does not rely on *Davenport*. Indeed, he seeks to invoke the saving clause based on a previously unrecognized "structural problem": because he had already litigated on direct appeal the issues he now seeks to raise, he could not bring them in a § 2255 motion, thereby rendering § 2255 inadequate or ineffective. Dkt. 1 at 28; dkt. 20 at 12−13.

But the rule announced in *Jones* is not limited to the type of statutory interpretation claims that were presented in that case. Instead, *Jones* sets forth a universal rule that § 2255(e)'s "inadequate or ineffective" language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h):

> In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Jones*, 143 S. Ct. at 1868.

4

Following *Jones*, a petitioner may not use § 2241 to challenge his conviction or sentence except "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* The only concrete example put forth in the opinion is dissolution of the sentencing court. *Id.* at 1866; *see also id.* at 1866−67 (suggesting that "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons").

Mr. Allen does not contend that his sentencing court has been dissolved or that he is somehow prevented from litigating there. He argues only that he is barred from relitigating his claim in a § 2255 action and should not be. But this argument cannot be squared with the rule announced in *Jones*.[2] Mr. Allen therefore cannot rely on the saving clause as a path to litigate his § 2241 petition in this Court.

### B.      Challenge to the execution of a sentence

28 U.S.C. § 2241 is the proper procedural vehicle for a federal prisoner who seeks to challenge the execution, rather than the imposition, of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence . . . may not be brought under § 2255 and therefore falls into the domain of § 2241.").

But Mr. Allen does not challenge the execution of his death sentence separate from its validity. He argues that the death sentence cannot be executed because it "was never authorized." Dkt. 20 at 14. This argument is premised upon Mr. Allen's substantive argument that the sentencing court lacked jurisdiction to impose a death sentence and that the Eighth Circuit lacked

---

[2] The Supreme Court issued its opinion in *Jones* in June 2023, after Mr. Allen's petition was fully briefed. Neither party has requested an opportunity to address the impact of *Jones* on Mr. Allen's ability to litigate his claims in a § 2241 petition. Both parties addressed § 2255(e) and its saving clause in their briefing of the petition. *See* dkt. 1 at 28−30; dkt. 15 at 6−10; dkt. 20 at 10−13.

5

jurisdiction to perform a harmless error analysis. *Id.* at 9−10. But such a challenge is expressly authorized under § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . ."). No matter how Mr. Allen repackages his claims, he must bring them, if at all, in a § 2255 motion. This Court lacks jurisdiction to litigate them in a § 2241 petition.

### III.    Conclusion

Mr. Allen's petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 08/25/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email