

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

February 11, 2025

Eric John Montroy
FEDERAL COMMUNITY DEFENDER OFFICE
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204

RE:  BILLIE JEROME ALLEN v. WARDEN

CAUSE NO:  2:20-cv-00406-JRS-MJD

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 2:20-cv-00406-JRS-MJD has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,
Kristine L. Seufert
Clerk of Court

By Laura Townsend, Deputy Clerk
812-542-4511

# Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Kristine L. Seufert, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN 46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

February 11, 2025

RE:  BILLIE JEROME ALLEN v. WARDEN

CAUSE NO:  2:20-cv-00406-JRS-MJD

Dear Appellant:

A Notice of Appeal was filed in the above case on February 11, 2025. However, a "Docketing Statement" was not filed along with the Notice of Appeal, as required by Circuit Rule 3(c) of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

IMPORTANT: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Kristine L. Seufert,
> Clerk of Court
>
> By Laura Townsend, Deputy Clerk
> 812-542-4511

# Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

   (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

   (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

   (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

   (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

   (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.

   NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
   are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

**Case No. 2:20-cv-00406-JRS-MJD**

---

**BILLIE JEROME ALLEN,**

**Petitioner,**

**v.**

**WARDEN,**

**United States Penitentiary – Terre Haute,**

**Respondent.**

---

**NOTICE OF APPEAL**

Notice is hereby given that Billie Jerome Allen, petitioner in the above- named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from each and every aspect of the final judgment and order denying his petition for a writ of habeas corpus, entered in this action on August 25, 2024 (Dkt. Nos. 24 and 25), and this Court's order denying Mr. Allen's motion to alter or amend judgment, pursuant to Rule 59 of the Federal Rules of Civil Procedure, entered on January 23, 2025 (Dkt. No. 40).

The District Court allowed Mr. Allen to proceed *in forma pauperis*, in an order dated

August 6, 2020 (Dkt. No. 6) and appointed counsel from the Federal Community Defender

Office for the Eastern District of Pennsylvania on October 15, 2020 (Dkt. No. 10).

Respectfully submitted,

/s/ Eric Montroy
Eric Montroy
Stuart Lev
Assistant Federal Defenders
Federal Community Defender Office
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826
Eric_Montroy@fd.org

Dated: February 11, 2025

2

**CERTIFICATE OF SERVICE**

I, Eric Montroy, hereby certify that on this 11th day of February 2024, I filed the

foregoing document via the Court's electronic filing system, which system will serve a copy of

upon all counsel of record.

/s/ Eric Montroy
Eric Montroy
Assistant Federal Defender
Federal Community Defender Office
  for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,          )
                                   )
         Petitioner,     )
                                   )
         v.         )     No. 2:20-cv-00406-JRS-MJD
                                   )
WARDEN,           )
                                   )
         Respondent.   )

**Order Dismissing Habeas Corpus Action for Lack of Jurisdiction**

Billie Jerome Allen and an accomplice robbed a bank in St. Louis and killed security guard

Richard Heflin. Mr. Allen was convicted of killing a person during the course of a bank robbery

and of murdering a person with a firearm used during and in relation to a crime of violence. He

was sentenced to life imprisonment on the former count and death on the latter one. His convictions

and death sentence were affirmed on direct appeal, and he completed one round of collateral review

under 28 U.S.C. § 2255. Now Mr. Allen has filed a petition for writ of habeas corpus under 28

U.S.C. § 2241. But 28 U.S.C. § 2255(e) deprives this Court of jurisdiction to adjudicate

Mr. Allen's habeas corpus petition, which presents the types of claims that may be raised in a

28 U.S.C. § 2255 motion. Accordingly, the petition is **DISMISSED**.

## I.     Background[1]

Mr. Allen was convicted on an indictment that did not include any statutory aggravating

factors that triggered eligibility for the death penalty. *United States v. Allen*, 406 F.3d 940, 943

(8th Cir. 2005). Mr. Allen raised a number of issues on direct appeal, including an argument that

---

[1] The facts of Allen's crimes are not material to the Court's resolution of this petition. Those facts are
summarized in *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001), *cert. granted, judgment vacated*,
536 U.S. 953 (2002).

his indictment violated the Fifth Amendment because it did not allege facts to support a statutory aggravating sentence to trigger eligibility for the death sentence. *See United States v. Allen*, 247 F.3d 741, 761 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002). After multiple panel opinions and a granted petition for writ of certiorari, the Eighth Circuit ultimately resolved the question *en banc*, holding that the government's failure to include at least one statutory aggravating factor in the indictment violated Mr. Allen's Fifth Amendment rights, but the error was harmless beyond a reasonable doubt. *Allen*, 406 F.3d at 942−49. Following the *en banc* opinion, the Supreme Court denied certiorari. *Allen v. United States*, 127 S. Ct. 826 (Dec. 11, 2006).

Mr. Allen next moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016). The district court denied the motion, and the Eighth Circuit affirmed. *Id.* The Supreme Court denied a petition for writ of certiorari. *Allen v. United States*, No. 16-8229, 138 S. Ct. 59 (Oct. 2, 2017).

In 2013, Mr. Allen filed a 28 U.S.C. § 2241 petition in this Court, but he later withdrew it without prejudice. *Allen v. Warden*, 2:13-cv-271-JMS-MJD (S.D. Ind.).

In 2020, Mr. Allen filed another 28 U.S.C. § 2241 petition in this Court. Dkt. 1. In the petition, he contends that (1) trial counsel was ineffective in various respects and (2) his indictment was constitutionally deficient, such that the sentencing court lacked jurisdiction to sentence him to death. *Id.* The government responded, arguing that Mr. Allen cannot bring these claims in a 28 U.S.C. § 2241 petition because they do not satisfy the saving clause in 28 U.S.C. § 2255(e). Dkt. 15. Mr. Allen, through appointed counsel, filed a reply. Dkt. 20.

## II.    Discussion

Mr. Allen suggests two paths for this Court to adjudicate his 28 U.S.C. § 2241 petition. First, he argues that the saving clause in 28 U.S.C. § 2255(e) allows him to collaterally attack his convictions and sentence. Dkt. 20 at 10−13. Second, he argues that he is challenging the "execution" of his death sentence, in addition to its imposition, and § 2241 is generally available to challenge the execution of a sentence. *Id.* at 13−15. The Court addresses each claim in turn.

### A.    The saving clause

Generally, a federal prisoner must collaterally attack his conviction or sentence by filing a motion in the sentencing court under 28 U.S.C. § 2255. *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020). Section 2255 itself provides that

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts refer to the final clause of this sentence as the "saving clause." *Jones v. Hendrix*, 143 S. Ct. 1857, 1864 (2023).

When Mr. Allen filed his petition, Seventh Circuit precedent provided that the saving clause allowed inmates to file 28 U.S.C. § 2241 petitions challenging their convictions and sentences in a narrow but undefined range of circumstances. *See Purkey*, 964 F.3d at 612 (identifying three central cases but clarifying that "those cases [do not] rigidly describe the outer limits" of the saving clause's application). The fundamental requirement was that the petitioner make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with his conviction or sentence. *Id.* at 615. In most cases where the saving clause was satisfied, § 2255 was unavailable because the petitioner had already litigated

3

a § 2255 motion and could not meet 28 U.S.C. § 2255(h)'s requirements for filing a second or successive motion. *See*, *e.g.*, *In re Davenport*, 147 F.3d 605, 607 (7th Cir. 1998) (framing the question as "when if ever a federal prisoner can use the habeas corpus statute . . . to get around the bar that the Antiterrorism Act places athwart successive motions under 28 U.S.C. § 2255").

But while Mr. Allen's petition was pending the Supreme Court in *Jones v. Hendrix* severely limited the saving clause's application. The petitioner in *Jones* invoked the saving clause based on the parameters set forth by the Seventh Circuit in *Davenport*: he raised a statutory interpretation claim that was not viable at the time of his original § 2255 proceedings but became viable after a retroactively applicable Supreme Court decision interpreting the statute at issue. 147 F.3d at 611−12. The Supreme Court expressly rejected this application of the saving clause. *Jones*, 143 S. Ct. at 1867 (abrogating *Davenport* and numerous similar opinions from other circuits).

Mr. Allen does not rely on *Davenport*. Indeed, he seeks to invoke the saving clause based on a previously unrecognized "structural problem": because he had already litigated on direct appeal the issues he now seeks to raise, he could not bring them in a § 2255 motion, thereby rendering § 2255 inadequate or ineffective. Dkt. 1 at 28; dkt. 20 at 12−13.

But the rule announced in *Jones* is not limited to the type of statutory interpretation claims that were presented in that case. Instead, *Jones* sets forth a universal rule that § 2255(e)'s "inadequate or ineffective" language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h):

> In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Jones*, 143 S. Ct. at 1868.

4

Following *Jones*, a petitioner may not use § 2241 to challenge his conviction or sentence except "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* The only concrete example put forth in the opinion is dissolution of the sentencing court. *Id.* at 1866; *see also id.* at 1866−67 (suggesting that "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons").

Mr. Allen does not contend that his sentencing court has been dissolved or that he is somehow prevented from litigating there. He argues only that he is barred from relitigating his claim in a § 2255 action and should not be. But this argument cannot be squared with the rule announced in *Jones*.[2] Mr. Allen therefore cannot rely on the saving clause as a path to litigate his § 2241 petition in this Court.

### B.    Challenge to the execution of a sentence

28 U.S.C. § 2241 is the proper procedural vehicle for a federal prisoner who seeks to challenge the execution, rather than the imposition, of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence . . . may not be brought under § 2255 and therefore falls into the domain of § 2241.").

But Mr. Allen does not challenge the execution of his death sentence separate from its validity. He argues that the death sentence cannot be executed because it "was never authorized." Dkt. 20 at 14. This argument is premised upon Mr. Allen's substantive argument that the sentencing court lacked jurisdiction to impose a death sentence and that the Eighth Circuit lacked

---

[2] The Supreme Court issued its opinion in *Jones* in June 2023, after Mr. Allen's petition was fully briefed. Neither party has requested an opportunity to address the impact of *Jones* on Mr. Allen's ability to litigate his claims in a § 2241 petition. Both parties addressed § 2255(e) and its saving clause in their briefing of the petition. *See* dkt. 1 at 28−30; dkt. 15 at 6−10; dkt. 20 at 10−13.

jurisdiction to perform a harmless error analysis. *Id.* at 9−10. But such a challenge is expressly authorized under § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . ."). No matter how Mr. Allen repackages his claims, he must bring them, if at all, in a § 2255 motion. This Court lacks jurisdiction to litigate them in a § 2241 petition.

### III.    Conclusion

Mr. Allen's petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction. Final judgment shall now issue.

**IT IS SO ORDERED.**

Date: 08/25/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00406-JRS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## Final Judgment

The Court now enters final judgment. The petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction.

Date: 8/25/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Roger A.G. Sharpe, Clerk

BY: _Samantha Burmester_

Deputy Clerk, U.S. District Court

Distribution:

All ECF-registered counsel of record via email

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BILLIE JEROME ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. )  | No. 2:20-cv-00406-JRS-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion to Alter or Amend Judgment and
Resolving Other Motions**

Billie Jerome Allen and an accomplice robbed a bank in St. Louis and killed security guard Richard Heflin. Mr. Allen was convicted in the Eastern District of Missouri of killing a person during the course of a bank robbery and of murdering a person with a firearm used during and in relation to a crime of violence. He was sentenced to life imprisonment on the former count and death on the latter one. His convictions and death sentence were affirmed on direct appeal, and he completed one round of collateral review under 28 U.S.C. § 2255. Mr. Allen subsequently filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this District, where he is incarcerated. This Court determined that it lacked jurisdiction pursuant to 28 U.S.C. § 2255(e) to adjudicate Mr. Allen's habeas corpus petition and dismissed the action on that basis.

Mr. Allen filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. 26. For the following reasons, that motion is **denied**.

1

## I.   Background

## A.  Criminal Proceedings and Prior Collateral Challenges

Mr. Allen was convicted on an indictment that did not include any statutory aggravating factors that triggered eligibility for the death penalty. *United States v. Allen*, 406 F.3d 940, 943 (8th Cir. 2005). Mr. Allen raised a number of issues on direct appeal, including an argument that his indictment violated the Fifth Amendment because it did not allege facts to support a statutory aggravating sentence to trigger eligibility for the death sentence. *See United States v. Allen*, 247 F.3d 741, 761 (8th Cir. 2001), *cert. granted, judgment vacated*, 536 U.S. 953 (2002). After multiple panel opinions and a granted petition for writ of certiorari, the Eighth Circuit ultimately resolved the question *en banc*, holding that the government's failure to include at least one statutory aggravating factor in the indictment violated Mr. Allen's Fifth Amendment rights, but the error was harmless beyond a reasonable doubt. *Allen*, 406 F.3d at 942−49. Following the *en banc* opinion, the Supreme Court denied certiorari. *Allen v. United States*, 127 S. Ct. 826 (Dec. 11, 2006).

Mr. Allen next moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Missouri. *See Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016). The district court denied the motion, and the Eighth Circuit affirmed. *Id.* The Supreme Court denied a petition for writ of certiorari. *Allen v. United States*, No. 16-8229, 138 S. Ct. 59 (Oct. 2, 2017).

In 2013, Mr. Allen filed a 28 U.S.C. § 2241 petition in this Court, but he later withdrew it without prejudice. *Allen v. Warden*, 2:13-cv-271-JMS-MJD (S.D. Ind.).

2

### B. The § 2241 Petition

In 2020, Mr. Allen filed the instant 28 U.S.C. § 2241 petition in this Court. Dkt. 1. In the petition, he argued that (1) trial counsel was ineffective in various respects and (2) his indictment was constitutionally deficient, such that the sentencing court lacked jurisdiction to sentence him to death. *Id.* The government responded, arguing that Mr. Allen could not bring these claims in a 28 U.S.C. § 2241 petition because they did not satisfy the saving clause in 28 U.S.C. § 2255(e). Dkt. 15. Mr. Allen, through appointed counsel, filed a reply. Dkt. 20.

After the matter was fully briefed, the Supreme Court issued its opinion in *Jones v. Hendrix*, 599 U.S. 465 (2023), which curbed petitioners' ability to rely on the saving clause in § 2255(e) to pursue relief in a § 2241 petition. Relying in part on *Jones*, and without requesting further briefing from the parties, this Court determined that it lacked jurisdiction to adjudicate Mr. Allen's habeas petition and dismissed it. Dkts. 24, 25.

Mr. Allen filed the instant Rule 59(e) motion on September 1, 2023. Dkt. 26. That motion is now fully briefed.

In December 2024, President Biden commuted Mr. Allen's death sentence to one of life imprisonment without parole.[1]

---

[1] Because Mr. Allen challenges both his conviction and sentence, the Court assumes for purposes of the Rule 59(e) motion that these proceedings have not been rendered moot by the commutation. *See Dennis v. Terris*, 927 F.3d 955 (6th Cir. 2019) (holding presidential commutation did not render habeas action moot where success on habeas could reduce his sentence).

3

## II.     Motion to Find Government Forfeited Opposition and Motion for Extension of Time

Before the Court discusses the merits of Mr. Allen's Rule 59(e) motion, it addresses two motions related to the Government's belated response.

When Mr. Allen filed his Rule 59(e) motion, he requested a briefing schedule. Dkt. 26. The Court granted the request for supplemental briefing, providing Mr. Allen 35 days to file a supplemental brief, the government 35 days to file a response, and Mr. Allen 21 days to file a reply. Dkt. 27.

Mr. Allen filed his memorandum on October 10, 2023, in which he argued that the rule in *Jones* was narrow and did not apply to the issues raised in his case. Dkt. 28. The government did not file a response by the deadline.

Months after the deadline passed for the government to respond, Mr. Allen filed a motion requesting that this Court find that the government forfeited its opposition to his Rule 59 motion, that the Court grant the Rule 59 motion, and that the Court address the merits of his habeas petition. Dkt. 31. That day, the Assistant U.S. Attorney from the Southern District of Indiana who had an appearance on the case filed a motion for extension of time to respond. Dkt. 32. In that motion, he apologized to the Court and Mr. Allen for failing to file a timely response, noting that he "rarely misses the deadlines imposed by this Court and is unsure how this one was missed." *Id.* at 3.

An Assistant U.S. Attorney from the Eastern District of Missouri then entered an appearance, and the blame for the missed deadline suddenly shifted. In his response, he attributed the oversight to the fact that while Mr. Allen's § 2241 action

4

was pending in the Southern District of Indiana, he was convicted in the Eastern District of Missouri, and no one from the U.S. Attorney's Office from the latter district had appeared on the case. Dkt. 36 at 2. Further, the lead attorney on Mr. Allen's case in the Eastern District of Missouri had recently retired, which further contributed to the lack of awareness about the proceedings in this district. *Id.*

This argument is not well taken. As Mr. Allen points out in his reply, the Assistant U.S. Attorney in Indianapolis has had an appearance in this matter since November 2020, and he was the one who filed the Return. *See* dkts. 13, 15. Every § 2241 action of this type requires coordination between offices in multiple districts, and there is no explanation as to why the Assistant U.S. Attorney in Indianapolis did not coordinate with his Missouri counterparts (if such coordination was even required).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). Although the Court is sensitive to busy caseloads and that, sometimes, deadlines may be missed due to simple human error, the Court does not credit the government's subsequent effort to shift the blame to a retired individual who has never been involved in this particular proceeding. Accordingly, Mr. Allen's motion to find that the government has forfeited any opposition to petitioner's motion to alter or amend the motion, to grant that motion, and address the merits of his habeas petition, dkt. [31], is **granted to the limited extent** that the motion for extension of time, dkt. [32], is **denied**, and the

response brief filed by the government on May 24, 2024, has not been considered in the Court's adjudication of the Rule 59(e) motion. For the following reasons, however, Mr. Allen's Rule 59(e) motion is due to be denied.

### III.   Discussion

To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).

In his motion, Mr. Allen argues that *Jones* did not limit the availability to assert jurisdictional challenges in a § 2241 petition. He argues that the Eighth Circuit's resolution of his claim on direct appeal precluded him from raising the claim in his § 2255 motion and, therefore, § 2241 remains an available procedural avenue despite *Jones*. The Court now discusses *Jones* and its impact on Mr. Allen's ability to file a § 2241 petition.

### A. *Jones v. Hendrix*

The primary vehicle for a collateral attack on a federal conviction or sentence is a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress placed limitations on a federal prisoner's ability to bring a § 2255 action. First, such action can only be brought in the court which imposed the sentence. 28 U.S.C. § 2255(a). Second, a federal prisoner is limited to

6

bringing one § 2255 motion, unless the court of appeals for the district where the action is filed determines that a second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Congress created within § 2255 a narrow exception to the "general rule" that requires a federal prisoner to bring a collateral attack under § 2255. A petitioner may seek relief by filing a § 2241 habeas corpus petition if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision is referred to as the "saving clause." *See Jones*, 599 U.S. at 469.

In *Jones*, the Court held that the plain language of § 2255(h) limits a federal prisoner from filing a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or a "new rule of constitutional law," § 2255(h)(2), and that the limitation on second or successive motions does not render § 2255 "inadequate or ineffective" such that a prisoner may seek relief under § 2241 due to a favorable interpretation of statutory law after his first § 2255 was resolved. 599 U.S. at 469–70. But the Court in *Jones* did not limit the saving clause's application to statutory challenges; rather, it created a universal rule that § 2255(e)'s "inadequate or ineffective" language does not open the door for a § 2241 petition based on claims that are otherwise barred by § 2255(h):

7

> In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Id.* at 478.

Thus, if § 2255(h) is the only obstacle to a petitioner bringing a collateral attack on his conviction or sentence in a § 2255 motion, then § 2255(e) does not permit the petitioner to instead bring the collateral attack in a § 2241 petition. *Jones*, 599 U.S. at 478 ("Basic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes.").

As the Court explained in *Jones*, a § 2241 petition may be used for a collateral attack on a sentence or conviction only "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. The Court observed that "[t]he clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* (citing cases where court-martial, the District Court of the Canal Zone, and an Alaska territorial court were dissolved); *see also id.* at 494 (J. Jackson, dissenting) ("[T]he majority is also wrong to interpret § 2255(e) . . . as if Congress designed that provision to filter potential habeas claims through the narrowest of apertures, saving essentially only those that a court literally would be unable to consider due to something akin to a natural calamity.").

**B. Mr. Allen's Arguments**

Mr. Allen argues that he could not have brought a jurisdictional challenge in a § 2255 motion due to the Eighth Circuit's treatment of the challenge to his indictment on direct appeal. He argues that the appellate court "constructively amended the indictment by speculating that the grand jury would have indicted on capital murder if it had been asked to do so[ ]" when it determined that the Fifth Amendment violation to the defective indictment had been harmless error. Dkt. 28 at 2. According to Mr. Allen, this created another layer of constitutional error that could not have been remedied by Mr. Allen's sentencing court, because that court was bound by the Eighth Circuit's ruling on direct appeal and any such claim presented in a § 2255 motion would have been rejected outright. *Id.* at 13. Thus, in his view, the Eighth Circuit's error on direct appeal created "unusual circumstances" that make it so § 2241 is still available, even in light of *Jones*. *Id.*

> This view was squarely rejected by the Supreme Court in *Jones*:
>
> This argument ignores that the saving clause is concerned with the adequacy or effectiveness of the remedial *vehicle* . . ., not any court's asserted errors of law. . . . Even when *circuit law* is inadequate or deficient because a Court of Appeals' precedents have resolved a legal issue incorrectly, that is not a fault in the § 2255 remedial vehicle itself.

599 U.S. at 480−81 (cleaned up, emphases in *Jones*). Thus, even if the Eighth Circuit's resolution of Mr. Allen's jurisdictional issue on direct appeal was erroneous, this has no impact on the availability of § 2255 to raise a jurisdictional challenge. Indeed, such a challenge is expressly authorized under § 2255(a): "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released

9

upon the ground . . . that *the court was without jurisdiction to impose such sentence* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added). *See also Daigle v. Kallis*, 2023 WL 10450157 (7th Cir. Nov. 13, 2023) (unpublished) (upholding dismissal of § 2241 in which petitioner challenged North Dakota district court's jurisdiction to hear his case, observing that "[a] court, however, always has jurisdiction to determine its own jurisdiction, and a court's ruling on jurisdiction is protected against collateral attack in the same manner as other rulings").

Even before *Jones*, the saving clause was not intended to give a petitioner another opportunity for collateral review in a different circuit because he was disappointed in the result of the proceedings in the circuit of his conviction. *See Von Kahl v. Segal*, 19 F.4th 987, 988 (7th Cir. 2021) ("Section 2241 is not a means to get a second opinion in a different circuit."). Because Mr. Allen has not shown that this Court made a legal error in dismissing his petition for lack of jurisdiction, his Rule 59(e) motion, dkt. 26, is **denied**.

## IV.    Conclusion

Mr. Allen's motion to find that the government has forfeited any opposition to petitioner's motion to alter or amend judgment, dkt. [31], is **granted to the limited extent** that the government's motion for extension of time, dkt. [32], is **denied**, and the Court has not considered the government's arguments presented in its May 24, 2024, response brief. Mr. Allen's motion for prompt resolution of pending matters, dkt. [38], is **granted** to the extent that all pending motions have been resolved.

Because Mr. Allen has not demonstrated that this Court made an error entitling him to relief, Mr. Allen's motion to alter or amend judgment under Rule 59(e), dkt. [26], is **denied**.

**IT IS SO ORDERED.**

Date: 1/23/2025

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

11

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00406-JRS-MJD

| | |
|---|---|
| ALLEN v. WARDEN | Date Filed: 08/04/2020 |
| Assigned to: Judge James R. Sweeney II | Date Terminated: 01/23/2025 |
| Referred to: Magistrate Judge Mark J. Dinsmore | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus | Nature of Suit: 535 Death Penalty - Habeas Corpus |
| | Jurisdiction: Federal Question |

**Petitioner**

| | | |
|---|---|---|
| **BILLIE JEROME ALLEN** | represented by | **Eric John Montroy** |
| | | FEDERAL COMMUNITY DEFENDER OFFICE |
| | | 601 Walnut Street |
| | | Suite 545 West |
| | | Philadelphia, PA 19106 |
| | | (215) 928-0520 |
| | | Fax: (215) 928-0826 |
| | | Email: eric_montroy@fd.org |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Timothy Patrick Kane** |
| | | FEDERAL COMMUNITY DEFENDER OFFICE |
| | | 601 Walnut Street |
| | | Suite 545 West |
| | | Philadelphia, PA 19106 |
| | | (215) 928-0520 |
| | | Fax: (215) 928-0826 |
| | | Email: timothy_kane@fd.org |
| | | *PRO HAC VICE* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Respondent**

| | | |
|---|---|---|
| **WARDEN** | represented by | **Brian L. Reitz** |
| | | UNITED STATES ATTORNEY'S OFFICE (Indianapolis) |

10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jason Dunkel**
DOJ-USAO
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
314-539-2200
Email: jason.dunkel@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2020 | 1 | PETITION for Writ of Habeas Corpus, filed by BILLIE JEROME ALLEN. (No fee paid with this filing) (Attachments: # 1 Exhibit, # 2 Envelope)(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 2 | MOTION for Leave to Proceed in forma pauperis, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 3 | MOTION to Appoint Counsel, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 4 | Order Directing Opening of a New Action - ORIGINALLY DOCKETED IN 2:13-CV-271-JMS-MJD. Signed by Judge Jane Magnus-Stinson on 8/4/2020.(JRB) (Entered: 08/04/2020) |
| 08/04/2020 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (JRB) (Entered: 08/04/2020) |
| 08/06/2020 | 6 | Order Granting Motion for Leave to Proceed In Forma Pauperis - Petitioner Billie Jerome Allen's motion for leave to proceed in forma pauperis, dkt. 2 , is granted. The $5.00 filing fee for this action is waived. Copy to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/6/2020. (KAA) (Entered: 08/06/2020) |
| 08/10/2020 | 7 | Order Directing Petitioner to Show Cause - Mr. Allen does not appear to have sought or obtained certification from the Seventh Circuit to file this § 2241 petition. Accordingly, he shall have through September 14, 2020, to show cause why his current petition should not be dismissed for lack of jurisdiction. Copy to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/10/2020.(KAA) (Entered: 08/11/2020) |
| 08/28/2020 | 8 | RESPONSE re 7 Order to Show Cause, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Envelope)(AAS) Modified on 8/28/2020 (AAS). (Main Document 8 replaced on 8/28/2020) (AAS). (Entered: 08/28/2020) |
| 09/29/2020 | 9 | MOTION for Leave to Amend/Correct 8 Response to Order to Show Cause, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Exhibit, # 2 Envelope)(AAS) (Entered: 09/29/2020) |

| | | |
|---|---|---|
| 10/15/2020 | 10 | Order Granting Motion to Appoint Counsel and Directing Respondent to Show Cause - This case would benefit from the appointment of counsel and further briefing. Accordingly, Mr. Allen's motion for appointment of counsel, dkt. 3 , is granted. Attorneys Eric John Montroy and Timothy Patrick Kane represent Mr. Allen in another § 2241 action. Mr. Montroy and Mr. Kane are appointed to represent Mr. Allen in this action. Mr. Montroy and Mr. Kane shall have through October 29, 2020, to submit motions to appear pro hac vice or file appearances, as necessary. The normal administrative fee for processing any pro hac vice motions is waived. The respondent shall have through November 19, 2020, to answer the allegations of the petition and show cause why relief should not be granted. Mr. Allen shall have through December 17, 2020, to file a reply. Mr. Allen's motion for leave to amend, dkt. 9 , is denied. Copy to Petitioner vis US Mail. Signed by Judge James R. Sweeney II on 10/15/2020.(KAA) (Entered: 10/15/2020) |
| 10/26/2020 | 11 | MOTION for Attorney(s) Timothy Kane to Appear pro hac vice *on behalf of Petitioner Billie Jerome Allen* (No fee paid with this filing), filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 10/26/2020) |
| 10/26/2020 | 12 | MOTION for Attorney(s) Eric Montroy to Appear pro hac vice (No fee paid with this filing), filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Montroy, Eric) (Entered: 10/26/2020) |
| 11/03/2020 | 13 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondent WARDEN. (Reitz, Brian) (Entered: 11/03/2020) |
| 11/09/2020 | 14 | MOTION for Extension of Time to February 17, 2021 *to respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Reitz, Brian) (Entered: 11/09/2020) |
| 11/19/2020 | 15 | RETURN TO ORDER TO SHOW CAUSE, re 10 Order to Show CauseTerminate Motions, filed by WARDEN.. (Reitz, Brian) (Entered: 11/19/2020) |
| 11/20/2020 | 16 | ORDER granting 11 Motion to Appear pro hac vice. Timothy Kane to appear and participate pro hac vice as counsel for Petitioner. Signed by Magistrate Judge Mark J. Dinsmore on 11/20/2020. (KAA) (Entered: 11/23/2020) |
| 11/20/2020 | 17 | ORDER granting 12 Motion to Appear pro hac vice. Eric Montroy to appear and participate pro hac vice as counsel for Petitioner in the above-captioned cause only. Signed by Magistrate Judge Mark J. Dinsmore on 11/20/2020. (KAA) (Entered: 11/23/2020) |
| 12/04/2020 | 18 | Unopposed MOTION for Extension of Time to January 8, 2021 *to file Reply to Warden's Response*, filed by Petitioner BILLIE JEROME ALLEN. (Attachments: # 1 Text of Proposed Order)(Kane, Timothy) (Entered: 12/04/2020) |
| 12/15/2020 | 19 | Order Granting Motion for Extension of Time to File Reply - The petitioner's motion for extension of time to file a reply, dkt. 18 , is granted. The respondent's motion for extension of time to file a response, dkt. 14 , is denied as moot. Signed by Judge James R. Sweeney II on 12/15/2020. (JRB) (Entered: 12/15/2020) |
| 01/08/2021 | 20 | Reply re 15 Return to Order to Show Cause, filed by BILLIE JEROME ALLEN.. (Kane, Timothy) (Entered: 01/08/2021) |

| | | |
|---|---|---|
| 10/12/2021 | 21 | NOTICE *of Supplemental Authority*, filed by Petitioner BILLIE JEROME ALLEN (Kane, Timothy) (Entered: 10/12/2021) |
| 12/21/2021 | 22 | NOTICE *of Supplemental Authority*, filed by Petitioner BILLIE JEROME ALLEN (Kane, Timothy) (Entered: 12/21/2021) |
| 05/27/2022 | 23 | NOTICE *of Supplemental Authority*, filed by Petitioner BILLIE JEROME ALLEN (Kane, Timothy) (Entered: 05/27/2022) |
| 08/25/2023 | 24 | Order Dismissing Habeas Corpus Action for Lack of Jurisdiction - Mr. Allen's petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction. Final judgment shall now issue. Copy sent to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/25/2023.(JRB) (Entered: 08/25/2023) |
| 08/25/2023 | 25 | Final Judgment - The Court now enters final judgment. The petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction. Copy sent to Petitioner via US Mail. Signed by Judge James R. Sweeney II on 8/25/2023.(JRB) (Entered: 08/25/2023) |
| 09/01/2023 | 26 | MOTION to Amend/Correct 25 Closed Judgment *AND CONSOLIDATED MEMORANDUM IN SUPPORT*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 09/01/2023) |
| 09/07/2023 | 27 | ORDER granting 26 Motion for Supplemental Briefing Schedule - Mr. Allen shall have 35 days from the entry of this Order on the docket to file a supplemental brief in support of his motion to alter or amend judgment. Respondent shall then have 35 days to file a response. Mr. Allen shall have 21 days to file any reply. Copy sent to Plaintiff via US Mail. Signed by Judge James R. Sweeney II on 9/7/2023. (JRB) (Entered: 09/07/2023) |
| 10/10/2023 | 28 | BRIEF/MEMORANDUM in Support *ADDRESSING THE APPLICABILITY OF JONES v. HENDRIX, 143 S. CT. 1857 (2023)*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 10/10/2023) |
| 04/24/2024 | 31 | MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AND ADDRESS THE MERITS OF HIS HABEAS PETITION*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 04/24/2024) |
| 04/24/2024 | 32 | MOTION for Extension of Time to May 24, 2024 in which to 28 Brief/Memorandum in Support, 31 MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AND ADDRESS THE MERITS OF HIS HABEAS PETITION* , filed by Respondent WARDEN. (Attachments: # 1 Text of Proposed Order)(Reitz, Brian) (Entered: 04/24/2024) |
| 04/29/2024 | 33 | RESPONSE in Opposition re 32 MOTION for Extension of Time to May 24, 2024 in which to 28 Brief/Memorandum in Support, 31 MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AN , filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 04/29/2024)* |
| 05/03/2024 | 34 | NOTICE of Appearance by Jason Dunkel on behalf of Respondent WARDEN. (Dunkel, Jason) (Entered: 05/03/2024) |
| 05/24/2024 | 35 | RESPONSE , re 28 Brief/Memorandum in Support, filed by Respondent WARDEN. (Dunkel, Jason) (Entered: 05/24/2024) |

| Date | No. | Description |
|---|---|---|
| 05/24/2024 | 36 | RESPONSE in Opposition re 31 MOTION *TO FIND THAT THE GOVERNMENT HAS FORFEITED ANY OPPOSITION TO PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT, TO GRANT THAT MOTION, AND ADDRESS THE MERITS OF HIS HABEAS PETITION* , filed by Respondent WARDEN. (Dunkel, Jason) (Entered: 05/24/2024) |
| 06/18/2024 | 37 | BRIEF/MEMORANDUM in Support *Reply to Government's Response to Petitioner's Memorandum Addressing the Applicability of Jones v. Hendrix, 143 S.Ct. 1857 (2023)*, re 35 Response, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 06/18/2024) |
| 08/06/2024 | 38 | MOTION *for Prompt Resolution of Pending Matters*, filed by Petitioner BILLIE JEROME ALLEN. (Montroy, Eric) (Entered: 08/06/2024) |
| 01/22/2025 | 39 | Notice of Docketing received from 7th Circuit Court of Appeals. USCA Case No. 25-1090 assigned to Petition for Writ of Mandamus filed by BILLIE JEROME ALLEN. (Attachments: # 1 Original Proceeding Circuit Rule 3(b) Notice)(LBT) (Entered: 01/22/2025) |
| 01/23/2025 | 40 | Order Denying Motion to Alter or Amend Judgment and Resolving Other Motions - Mr. Allen's motion to find that the government has forfeited any opposition to petitioner's motion to alter or amend judgment, dkt. 31 , is granted to the limited extent that the government's motion for extension of time, dkt. 32 , is denied, and the Court has not considered the government's arguments presented in its May 24, 2024, response brief. Mr. Allen's motion for prompt resolution of pending matters, dkt. 38 , is granted to the extent that all pending motions have been resolved. Because Mr. Allen has not demonstrated that this Court made an error entitling him to relief, Mr. Allen's motion to alter or amend judgment under Rule 59(e), dkt. 26 , is denied. Signed by Judge James R. Sweeney II on 01/23/2025. (AJG) (Entered: 01/24/2025) |
| 01/27/2025 | 41 | USCA ORDER (certified copy) (USCA # 25-1090) - The following is before the court: PETITION FOR WRIT OF MANDAMUS, filed on January 21, 2025, by counsel for the petitioner. In light of the district court's order issued on January 23, 2025, denying Billie Allen's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, IT IS ORDERED that the petition is DENIED as unnecessary. (LBT) (Entered: 01/27/2025) |
| 02/11/2025 | 42 | NOTICE OF APPEAL as to 24 Order, 40 Closed Dismissed, 25 Closed Judgment, filed by Petitioner BILLIE JEROME ALLEN. (No fee paid with this filing) (Montroy, Eric) (Entered: 02/11/2025) |

**Case #: 2:20-cv-00406-JRS-MJD**